WILLIAM E. LOOMER & another *vs.* FRED DIONNE.

Middlesex.   December 4, 1958. — January 14, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Limitations, Statute of.   Practice, Civil,* Commencement of action, Avoid-
ance of action, Abandonment of action.

An action of tort for personal injuries arising out of the operation of a
motor vehicle, which was begun within the one year prescribed by
G. L. c. 260, § 4, but, having been erroneously begun in the Superior
Court at a time when by G. L. c. 218, § 19, as amended through
St. 1954, c. 616, § 1, District Courts had exclusive original jurisdiction
of such actions, was never entered in the Superior Court, was, within
c. 260, § 32, "duly commenced" within the time limited by c. 260 and
was "avoided or defeated" for a "matter of form," so that the plaintiff
was entitled by § 32 to commence a new action for the same cause in a
District Court within one year after the "determination" of the original
action although more than one year after the cause accrued.   [350]
Where the plaintiff in an action commenced in the Superior Court advised
the defendant that the case would not be entered there because that
court had no jurisdiction of the cause and that a District Court action
therefor would be commenced, which was later done, the Superior
Court action should not be treated as abandoned by the plaintiff but
merely as "avoided" for a "matter of form" for the purposes of
G. L. c. 260, § 32.   [352–353]

TORT.   Writ in the District Court of Central Middlesex
dated December 19, 1956.

Upon removal to the Superior Court, the action was
heard by *Forte,* J.

The case was submitted on briefs.

*James F. Fallon, Jr.,* for the plaintiffs.

*Mayo A. Darling,* for the defendant.

WILKINS, C.J.   In this action of tort alleging negligent
operation of a motor vehicle on March 2, 1955, there are
two counts, one by the female plaintiff for personal injuries,
and a second by the male plaintiff for consequential damages.
The writ is dated December 19, 1956.   One of the defences
is the statute of limitations.   When the case was reached

for trial, the parties presented a statement of agreed facts upon that issue. The judge ruled that the action is barred by G. L. c. 260, § 4, and that G. L. c. 260, § 32, is not applicable, and ordered that judgment be entered for the defendant. The plaintiffs excepted.

We summarize the facts found by the judge. On February 21, 1956, the attorney for the plaintiffs sent to the deputy sheriffs a writ of the Superior Court with directions to serve on the defendant and to make a real estate attachment. The attachment was made on February 23, 1956, and on the following day the writ was served on the defendant. The writ described the action as "Tort for personal injuries, consequential damages and property damage." On the first Monday of April, 1956, when counsel for the plaintiffs attempted to enter the writ, it was brought to his attention that "the Superior Court no longer had jurisdiction of automobile tort actions." The plaintiffs' attorney wrote the attorneys for the defendant that, because of that error, the case would not be entered; that the real estate attachment would be discharged; and that a District Court action would be commenced. The attachment was discharged on April 3, 1956. On December 19, 1956, the attorney for the plaintiffs sent the writ in the present action to the sheriff to make a real estate attachment and to serve on the defendant. The case was duly entered and removed to the Superior Court. Except for the name of the court the declaration and writ in the present action are precisely the same as the declaration and writ in the first case. The claim for property damage has been waived.

When the first action was brought, G. L. c. 218, § 19 (as amended through St. 1954, c. 616, § 1), provided, "District courts shall have exclusive original jurisdiction of actions of tort arising out of the ownership, operation, maintenance, control or use of a motor vehicle." By G. L. c. 260, § 4, ". . . actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety . . . shall be commenced only within one year next after the cause of action accrues . . . ."

The plaintiffs rely upon G. L. c. 260, § 32, which reads: "If, *in an action duly commenced within the time limited in this chapter,* the writ fails of a sufficient service or return by reason of an unavoidable accident or of a default or neglect of the officer to whom it is committed, or if the writ is abated or *if the action is* otherwise *avoided or defeated* by the death of a party thereto or *for any matter of form . . . the plaintiff* or demandant or any person claiming under him *may commence a new action for the same cause within one year after* the abatement or other *determination of the original action . . ."* (italics supplied).

Questions raised are whether the action was "duly commenced" within the time limited, and if so, whether it is "avoided or defeated . . . for any matter of form." Both points are decided in the plaintiffs' favor, we think, by *Woods* v. *Houghton,* 1 Gray, 580. There the first writ failed because the action was brought in another county against a defendant and a trustee residing in the county of Essex. It does not appear whether the mistake was in the fact of the trustee's residence or in law. The holding was that the first action prevented the cause of action from being barred by the statute of limitations. After reviewing the history of Rev. Sts. c. 120, § 11, a predecessor statute of G. L. c. 260, § 32, it was said, "We therefore understand that, by an 'action duly commenced,' that section means an action on a claim 'actually declared upon in a proper writ returnable according to law.' And if these last quoted words had been inserted in § 11, instead of the words 'duly commenced,' we could not have understood 'a proper writ' to mean a writ that could not be abated or defeated for any matter of form, but must have understood it to mean a writ adapted to the cause of action" (pp. 582–583). In rejecting the defendant's argument denying that "the original writ was abated, or the action otherwise avoided or defeated for any matter of form, because the court dismissed that action for want of jurisdiction," it was said, ". . . the words used in the statutes declaring the cases in which a second action may be maintained, after a failure of the first, have always been con-

strued favorably for the plaintiff, and never have been held to have a technical meaning; but, as said by Shaw, C.J. in *Coffin* v. *Cottle*, 16 Pick. [383] 386, are meant to declare, that 'where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute shall not prevent him from so doing, provided he follows it promptly, by a suit within a year.'"

In *Gaines* v. *New York*, 215 N. Y. 533, a motor tort action was brought within the one year statutory limitation in a court which had no jurisdiction of actions against the city of New York. Within one year after the action was dismissed but more than one year after the accident, a new action was brought in a court which had jurisdiction. There was a statute similar to G. L. c. 260, § 32. Code Civ. Pro. § 405. In holding that the statute of limitations was not a bar, it was said in an opinion by Judge Cardozo: "The statute [Code Civ. Pro. § 405] is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction, stands on the same plane as any other mistake of law. . . . There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights" (pp. 539–540). The great weight of authority is in accord. See note in 17 B. U. L. Rev. 900 and cases collected in 145 A. L. R. 1185.

Applying these principles to the facts of the present case, the error in bringing the action in the Superior Court, which lacked jurisdiction (*Couto* v. *Trustees of N. Y., N. H. & H. R.R.* 312 Mass. 23, 24–25), did not prevent the action from being "duly commenced," or from being "avoided or defeated . . . for any matter of form." The first action

notified the defendant that resort was to be made to the courts. There was no default or other neglect in the prosecution of a case legally pending in court, as in *Cumming* v. *Jacobs,* 130 Mass. 419. This is not a situation where the first action was intentionally brought in the wrong court. See *Gaines* v. *New York,* 215 N. Y. 533, 541.

Nor, in our opinion, is this a case of such gross negligence, if there should be such a doctrine, as to preclude the plaintiffs from taking advantage of c. 260, § 32. See *Smith* v. *McNeal,* 109 U. S. 426, 430–431. The history of c. 218, § 19, shows that the question of jurisdiction under it may be confusing. Until St. 1934, c. 387, the Superior Court had jurisdiction of actions of tort arising out of the operation of motor vehicles. By § 1 of that act exclusive original jurisdiction was given to District Courts with a provision for removal under § 3 (inserting § 102A in G. L. c. 231) to the Superior Court. By St. 1943, c. 296, §§ 1, 3, c. 218, § 19, was amended, and § 102A was repealed effective September 1, 1943. The purpose of c. 296 was to give concurrent original jurisdiction to the Superior Court and the District Courts. An emergency act, St. 1943, c. 437, became necessary "to make immediately possible the rectification of certain mistakes of law or fact resulting in erroneously bringing in the superior court certain motor vehicle tort cases" before September 1. By St. 1954, c. 616, § 1, quoted earlier in this opinion, the exclusive original jurisdiction was restored. Too late to be applicable in the case at bar, another emergency act, St. 1956, c. 426, effective June 4, 1956, permitted cases like the present which were erroneously brought in the Superior Court to be transferred to the appropriate District Court.

The defendant contends that the nonentry of the first action was an abandonment of the action and all that goes with it. The cases cited, *Cardival* v. *Smith,* 109 Mass. 158, and *Lemieux* v. *Lincoln,* 204 Mass. 55, 58, are not authorities that there was an abandonment in the circumstances of this case where the attorney for the plaintiffs advised the attorneys for the defendant of his intention to bring another action and his reason for it. For the purposes of c. 260,

§ 32, the action should be treated as having been avoided by the nonentry. In the circumstances, the law does not require the doing of a useless act. See *Mowry's Case,* 112 Mass. 394, 400; *Schayer* v. *Commonwealth Loan Co.* 163 Mass. 322, 323–324.

It should be noted that the husband's action for consequential damages was not within G. L. c. 260, § 4, and was not barred in any event. *Barbate* v. *LaVallee,* 299 Mass. 411.

The exceptions are sustained. The order for judgment is reversed, and the case is remanded to the Superior Court.

*So ordered.*