IVAN HERNANDEZ *vs.* CITY OF BOSTON & another.[1]

Suffolk. November 8, 1984. — February 11, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Massachusetts Tort Claims Act. Minor*, Statute of limitations. *Limitations, Statute of.*

The three-year statute of limitations of the Massachusetts Tort Claims Act, G. L. c. 258, § 4, is tolled by the provisions of G. L. c. 260, § 7, if a claimant under the act is a minor when the right to bring the action first accrues. [46-49]

CIVIL ACTION commenced in the Superior Court Department on April 28, 1983.

Motions to dismiss were heard by *George W. Cashman*, J., sitting under statutory authority.

The Supreme Judicial Court granted a request for direct appellate review.

*Marshall F. Newman* for the plaintiff.

*Mary Ellen Walsh-Rogalski*, Assistant Corporation Counsel, for the defendants.

ABRAMS, J. At issue is the appropriate statute of limitations to be applied to claims by minors against a public employer: G. L. c. 258, § 4, the general statute applicable to actions against public employers, or G. L. c. 260, § 7, the general statute applicable to actions by minors. The plaintiff, a minor at the time of injury, commenced an action in the Superior Court against the defendants, the city of Boston (city) and William F. Hussey, a Boston police officer, on April 28, 1983. The defendants moved to dismiss the action on the ground that the statute of limitations under G. L. c. 258, § 4, had expired. The judge granted the motion and dismissed the complaint

---

[1] William F. Hussey.

against both defendants on this ground. See note 3, *infra*. We allowed the plaintiff's application for direct appellate review. We reverse.

We summarize the facts alleged in the complaint. The plaintiff was born on August 24, 1964. "On or about November 19, 1978" (at the age of fourteen), he was riding his bicycle along Brookline Street, Boston, when he was struck by a motor vehicle negligently operated by the defendant police officer. As a result of the accident, his leg was broken, he missed one year of school and "suffered great pain of body and mind." The plaintiff sought judgment in the amount of $250,000 plus interest and costs for his personal injuries, and $200 plus interest for damage to his bicycle.[2]

The defendants filed a motion to dismiss, Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), claiming that the plaintiff had failed to commence his suit "within the three year statute of limitations period provided by G. L. c. 258, § 4."[3] The judge, reading G. L. c. 258, § 4, in concert with G. L. c. 260, §§ 7 and 19, concluded that the "special statute of limitations contained in chapter 258 of the General Laws . . . bars plaintiff's action." He added that § 7 of G. L. c. 260 "does not apply to c. 258, since the action herein is not a common law action but rather is an action created by the Legislature." We review the statutory provisions.

The Massachusetts Torts Claims Act (Act), G. L. c. 258, permits recovery against public employers for losses caused by the negligence of public employees acting within the scope of their employment. § 2. Section 4 of the Act, inserted by St. 1978, c. 512, § 15, states in relevant part: "No civil action shall be brought more than three years after the date upon

---

[2] In his complaint, the plaintiff alleged that "[d]ue notice of the claim was given by the Plaintiff pursuant to the provisions of G. L. c. 258, § 4." The defendants concede that the issue of presentment was not raised below and that it is, therefore, not before us.

[3] The defendant police officer filed a separate motion to dismiss on the ground that he was immune from suit as a public employee under G. L. c. 258, § 2. The record does not indicate whether the judge acted on the officer's motion.

which such cause of action accrued." The general statute of limitations governing minors is set forth in G. L. c. 260. Section 7 of that chapter provides: "If the person entitled thereto is a minor . . . when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed." But "[i]f a special provision is otherwise made relative to the limitation of any action, any provision of [G. L. c. 260] inconsistent therewith shall not apply." G. L. c. 260, § 19.

The city asks us to read into G. L. c. 258 a shortened statute of limitations for minors. However, in enacting G. L. c. 258, "the Legislature did not provide a shortened statute of limitations for minors. . . . Thus, G. L. c. 260, § 7, operates to toll the period of limitations for claims brought on behalf of minors entitled to recovery under the [Act]." *Irwin* v. *Ware*, 392 Mass. 745, 770 n.11 (1984). By contrast, the Legislature, in enacting G. L. c. 231, § 60D,[4] did provide for a shortened statute of limitations for minors in medical malpractice actions. That provisions states that "[n]otwithstanding the provisions of section seven of chapter two hundred and sixty," a medical malpractice action by a minor must be brought within three years of the date the cause of action accrues, unless the minor is under six years old, in which case the minor has until his ninth birthday to institute the action. Such a provision is constitutional. See *Cioffi* v. *Guenther*, 374 Mass. 1 (1977). General Laws c. 231, § 60D, thus epitomizes the "special provision" contemplated in G. L. c. 260, § 19. Clearly, had the Legislature intended to immunize the Act from the tolling provision of

---

[4] General Laws c. 231, § 60D, as amended through St. 1979, c. 502, reads as follows: "Notwithstanding the provisions of section seven of chapter two hundred and sixty, any claim by a minor against a health care provider stemming from professional services or health care rendered, whether in contract or tort, based on an alleged act, omission or neglect shall be commenced within three years from the date the cause of action accrues, except that a minor under the full age of six years shall have until his ninth birthday in which the action may be commenced; and provided, further, that any such claim by a minor shall be commenced within three years after the appointment of his administrator, executor, guardian or other representative by which the action may be commenced."

G. L. c. 260, § 7, it would have done so by incorporating a provision analogous to G. L. c. 231, § 60D.

Further, the Legislature used the same limitation period found in the general tolling provision statute. Compare G. L. c. 258, § 4, with G. L. c. 260, § 4. Because the Legislature has not created a shortened tolling statute for adults, we would fall prey to unjustified "judicial legislation," *Prudential Ins. Co. of Am.* v. *Boston*, 369 Mass. 542, 547 (1976), were we to create a special shortened statute of limitations for minors.

The city next argues that because G. L. c. 258 both created a "right of action" and simultaneously limited the right through the three-year provision of G. L. c. 258, § 4, the application of G. L. c. 260, § 7, is not warranted. The city relies on this court's decision in *Weaver* v. *Commonwealth*, 387 Mass. 43, 50 (1982), for the proposition that "[w]here a cause of action is created by a statute which also places a limit upon the existence of the right, the tolling provisions of the general statute of limitations (G. L. c. 260), do not apply." The short answer is that the Legislature used the same period of limitations in the Act as the general tolling statute. Thus, there is no special shortened limitation period.

The city argues that, absent a shortened statute of limitations for minors, it is vulnerable to unknown, future liability for which it is unable to plan effectively. Although the issue of notice is not before us, see note 2, *supra,* we observe that the city is not left without knowledge of future claims. Section 4 of the Act states that "[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . ." All actions — be they by minors or adults — are subject to the two-year notice provision. See *George* v. *Saugus, ante* 40, 44 (1985). Thus, the city is afforded adequate notice of its future liability under the Act and opportunity to plan accordingly.

We hold that G. L. c. 260, § 7, is the appropriate statute of limitations to be applied in this case. The plaintiff filed his

complaint within three years of reaching majority. Therefore, we reverse and remand to the Superior Court for further proceedings.

*So ordered.*