TIMOTHY P. JOMIDES, JR. *vs.* MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk.   December 13, 1985. — February 11, 1986.

Present: PERRETTA, KAPLAN, & FINE, JJ.

*Limitations, Statute of. Minor,* Statute of limitations. *Massachusetts Bay
Transportation Authority,* Statute of limitations.

The two-year limitations period provided by G. L. c. 161A, § 21, for
bringing personal injury actions against the Massachusetts Bay Transpor-
tation Authority is tolled by the provisions of G. L. c. 260, § 7, if the
claimant is a minor when the right to bring the action first accrues.
[596-597]

CIVIL ACTION commenced in the Superior Court Department
on April 30, 1981.

The case was tried before *George N. Hurd, Jr.,* J.

*Barbara A. Fay (Brian P. Fay* with her) for the defendant.

*James J. D'Ambrose* for the plaintiff.

FINE, J. A Superior Court jury returned a verdict in the
amount of $400,000 against the Massachusetts Bay Transpor-
tation Authority (MBTA) upon a claim made by the plaintiff,
Timothy P. Jomides Jr., that injuries he received in a bus
accident resulted from the negligence of the MBTA bus driver.
The accident occurred on July 3, 1973, when Jomides was
eleven years old. Suit was filed on April 30, 1981. The principal
issue on appeal, properly raised by the MBTA in the trial
court[1], is whether the plaintiff's action is barred by the two-year
limitation period set forth in the statute creating and defining the
rights and obligations of the MBTA (G. L. c. 161A) or whether
Jomides, on the other hand, may have the benefit of the general

---

[1] The defendant raised the timeliness issue in its motion to dismiss, its
motion for directed verdict, and its motion for judgment notwithstanding
the verdict, all of which were denied.

provision in G. L. c. 260, § 7, for tolling statutes of limitation during minority. That section provides as follows:

> "If the person entitled thereto is a minor, or is insane or imprisoned when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed."

Were it not for the recent decision in *Hernandez* v. *Boston,* 394 Mass. 45 (1985), in which the tolling provisions of G. L. c. 260, § 7, were applied to an action brought under the Massachusetts Tort Claims Act, G. L. c. 258, we might have been inclined to rule that the claim against the MBTA would be barred. We first discuss the state of the law before that decision was issued, and then we turn to a consideration of the effect the decision in that case would have on a minor's claim against the MBTA brought more than two years after the cause of action accrued.

A principle, often repeated in the cases, is that when a statute of limitations is part of a special statute, and the right on which the claim is based is one created by that statute and not one based on common law, the general tolling provisions of G. L. c. 260 do not apply. *Hill* v. *Arnold,* 199 Mass. 109, 111 (1908). See *deCosta* v. *Ye Craftsman Studio, Inc.,* 278 Mass. 315 (1932), and cases cited at 319; *Gaudette* v. *Webb,* 362 Mass. 60 (1972), discussing the principle but concluding that it was not applicable to a wrongful death action because such a claim has a basis in the common law; and *Weaver* v. *Commonwealth,* 387 Mass. 43, 50 (1982). The language of G. L. c. 260, § 7, itself provides some support for that principle. By referring to "the time *hereinbefore* limited" (emphasis supplied), it could reasonably be read to apply only to earlier sections in chapter 260. Also G. L. c. 260, § 19, provides, "If a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply." The potential harshness of the application of the principle stated in the cases cited to claims brought by minors has been acknowledged, but the Supreme Judicial Court has stated on several occasions that "[t]he Legislature may assume 'that the interest of minors will be protected

by their guardians, or by others who are near to them.' " *Cioffi* v. *Guenther,* 374 Mass. 1, 4 (1977), quoting from *Sweet* v. *Boston,* 186 Mass. 79, 82 (1904). See *George* v. *Saugus,* 394 Mass. 40, 43 (1985). Although much lip service has been paid to the principle over the years, other than in wrongful death cases preceding *Gaudette* v. *Webb, supra,* we have found no Massachusetts case since 1908 actually applying it to a special statute of limitations so as to overcome the effect of a general tolling provision.

The right to recover against the MBTA on a negligence claim is statutory. General Laws c. 161A, § 21, inserted by St. 1964, c. 563, § 18, provides for liability on the part of the MBTA to passengers for personal injuries. Section 21, which creates the right to sue, also includes the provision that "any action for such personal injury . . . shall be commenced only within two years next after the date of such injury . . . ." General Laws c. 161A, § 21, has been declared to be a special statute of limitation to which G. L. 260, § 19, refers, and to which, therefore, the other sections of G. L. c. 260, *if inconsistent* with G. L. c. 161A, § 21, do not apply.[2] See *Hearn* v. *Massachusetts Bay Transp. Authy.,* 389 Mass. 404, 407 (1983), and *Thomas* v. *Massachusetts Bay Transp. Authy.,* 389 Mass. 408, 410 (1983). However, neither of those cases involved a conflict between one of the *tolling* provisions in G. L. c. 260 and the special statute of limitations for actions against the MBTA. Both cases involved an alleged inconsistency between the two-year period in G. L. c. 161A and some other specified period referred to in G. L. c. 260 which the claimant claimed to be applicable. The two-year period specified in G. L. c. 161A was held to be controlling in those circumstances.

The *Hernandez* case, as we indicated, involved G. L. c. 258, the Massachusetts Tort Claims Act (as appearing in St. 1978, c. 512, § 15). That Act made public employers liable

---

[2] We note the difference between the statute of limitations at issue here (G. L. c. 161A, § 21) and a statute of repose, such as G. L. c. 260, § 2B. See *Klein* v. *Catalano,* 386 Mass. 701, 702-703 (1982). The tolling provisions of G. L. c. 260, § 7, only affect a statute of limitations. *Tindol* v. *Boston Housing Authy.,* 396 Mass. 515, 517-518 (1986).

for losses caused by the negligence of public employees acting within the scope of their employment. General Laws c. 258, § 4, sets forth the requirements that a claimant present his claim to the public employer's executive officer "within two years after the date upon which the cause of action arose" and that "[n]o civil action shall be brought more than three years after the date upon which such cause of action accrued." The *Hernandez* case was preceded by *Weaver* v. *Commonwealth,* 387 Mass. 43 (1982), in which the Supreme Judicial Court held that the period for *presenting* a claim was not tolled by G. L. c. 260, § 10, which provides generally for the tolling of a statute of limitations in the event of the death of a person entitled to bring an action. The issue as to the applicability of G. L. c. 260, § 10, it was held, was whether the cause of action had a common law origin. "Where a cause of action is created by a statute which also places a limit upon the existence of the right, the tolling provisions of the general statute of limitations (G. L. c. 260) do not apply." *Id.* at 50. Then in *George* v. *Saugus,* 394 Mass. 40 (1985), decided on the same day that *Hernandez* was decided, the court ruled that the same two-year *presentment* requirement is not tolled during the minority of a claimant. The court pointed to the need for prompt notice of a claim to enable the public employer properly to defend against it. "If the presentment requirement of the act is tolled during the minority of a claimant, it is conceivable that a municipality would not receive notice until a decade or more after the claim arose." *Id.* at 44.

In *Hernandez* the issue was the effect of the claimant's minority on the timeliness of his claim under G. L. c. 258. The limitation period involved was not the two-year *presentment* requirement, dealt with in *George* and *Weaver,* but the requirement, also set forth in G. L. c. 258, § 4, that the claim be *filed* within three years. The court, citing a footnote to similar effect in *Irwin* v. *Ware,* 392 Mass. 745, 770 n.11 (1984), ruled that G. L. c. 260, § 7 applied, and that the three-year statute of limitations was tolled during the claimant's minority. The court, referring to G. L. c. 231, § 60D (which provides a specific tolling provision for minors in medical

malpractice actions), as the epitome of a special shortened statute of limitations, concluded that "had the Legislature intended to immunize the [Massachusetts Tort Claims] Act from the tolling provision of G. L. c. 260, § 7, it would have done so by incorporating a provision analogous to G. L. c. 231, § 60D." *Hernandez* v. *Boston,* 394 Mass. at 47-48.

Unquestionably, this reasoning has some applicability to a claim by a minor against the MBTA. General Laws c. 258 is closely related to G. L. c. 161A, insofar as both statutes create a right to sue a public agency for personal injuries, and both statutes set forth limitation periods without referring to the applicability of the tolling provisions in G. L. c. 260, § 7. No longer can it be said that the tolling provisions in G. L. c. 260 are, ipso facto, inapplicable to limitation periods other than those set forth in G. L. c. 260 and to claims based upon statutes which include their own limitations periods.

There are a number of differences between *Hernandez* and the present case, however, the significance of which we must now determine. We first note slight differences in the language of the two limitation provisions.[3] We are not persuaded that the outcome should turn on those differences. Second, as the court pointed out in the *Hernandez* case, the three-year period of the statute of limitations in G. L. c. 258, § 4, is not a shortened period; it is the same length as the ordinary statutory period for bringing a tort action (G. L. c. 260, § 2A). The period of the MBTA statute of limitations, on the other hand, is shorter than the present three-year period of the statute of limitations for tort claims. However, when the MBTA statute was inserted in 1964, the statute of limitations generally applicable to tort claims was also two years. See St. 1973, c. 777, § 1. Thus, we may not attribute to the Legislature an intention to adopt

---

[3] As to claims against the MBTA, G. L. c. 161A, § 21, provides that "any action for such personal injury . . . shall be commenced *only* within two years" (emphasis supplied). General Laws c. 258, § 4, as appearing in St. 1978, c. 512, § 15, provides, "No civil action shall be brought more than three years after the date upon which such cause of action accrued." The use of "only" in one and not the other suggests that the two provisions might merit different treatment for such purposes as the applicability of the tolling provisions.

a shortened statute of limitations. Third, unlike the MBTA statute, G. L. c. 258 has in it a presentment requirement which assures receipt by the public entity of reasonably prompt notice that a claim against it is being made. Thus, unlike public entities covered by G. L. c. 258, the MBTA has no way of protecting itself should a claim be filed for the first time many years after an accident involving a minor. The court in *George* laid stress on the importance of the presentment requirement. On the other hand, the Legislature expressly excluded the MBTA from the definition of "public employer" in G. L. c. 258, § 1, thereby making the presentment requirement inapplicable to claims against the MBTA. Also, the statute creating the Metropolitan Transit Authority, the body politic which preceded the MBTA, included a provision requiring notice within sixty days of injury as a condition precedent to bringing suit. St. 1947, c. 544, § 20.[4] Our reading of *Hernandez* does not convince us that, however important prompt notice is as a practical matter, the court intended the issue of the applicability of the tolling provision for minors to turn exclusively on the existence of a presentment requirement.

Thus, we find ourselves unable to read *Hernandez* harmoniously with the preexisting case law to the extent that, under preexisting law, the tolling provisions of G. L. c. 260, § 7, would have been inapplicable to a claim based upon a statute such as G. L. c. 161A. Relying on *Hernandez,* we rule that the claim was timely filed. To protect the MBTA, the Legislature may consider amending c. 161A to include a presentment requirement or to make specific reference to the tolling provisions in G. L. c. 260, § 7.

The MBTA also argues on appeal that the evidence was insufficient to justify the jury verdict on liability. In our view there was ample support for the jury's verdict.

*Judgment affirmed.*

---

[4] That section expressly incorporated the provisions of G. L. c. 84, § 19, which states that the requirement of notice is tolled if, because of physical or mental incapacity, it is impossible for the injured person to give timely notice.