ALBERT FORD *vs.* COMMISSIONER OF CORRECTION. No. 87-1407. May 11, 1989. *Limitations, Statute of. Imprisonment,* Enforcement of discipline. *Practice, Civil,* Relief in nature of certiorari.

On June 24, 1987, Albert Ford, an inmate at M.C.I., Cedar Junction, filed an action against the Commissioner of Correction. The action was brought as one in the nature of certiorari and for declaratory relief. Ford alleged that, in violation of regulations of the Department of Correction

---

and also his constitutional rights, sanctions, including loss of good time, were imposed against him for eight alleged disciplinary infractions occurring between 1982 and 1984. The commissioner moved to dismiss the complaint on grounds of untimeliness and failure to state a claim. Without indicating the basis for his action, a Superior Court judge allowed the motion to dismiss. We affirm because the claim was not brought within the time allowed by the applicable statute of limitations.

Ford alleges deficiencies in the eight challenged disciplinary reports' failure to bear a signature of either the shift commander or the disciplinary officer. Additionally, he complains that some of the reports did not have a report number. We are aware of no provision in the applicable regulations, 103 Code Mass. Regs. §§ 430.00 et seq., or elsewhere, setting forth such requirements. Ford's allegations with respect to two of the eight disciplinary reports, however, one dated December 23, 1982, and the other dated May 9, 1983, that the decisions failed adequately to describe the evidence relied upon or to state reasons for the sanctions imposed, would, if timely, be sufficient to overcome a motion to dismiss for failure to state a claim. See *Stokes* v. *Commissioner of Correction*, 26 Mass. App. Ct. 585, 587 (1988).

The remedy for failure to adhere to regulations in prison disciplinary proceedings is an action in the nature of certiorari under G. L. c. 249, § 4. See *Hill* v. *Superintendent, M.C.I., Walpole*, 392 Mass. 198, 199 nn. 2 & 3 (1984), rev'd on other grounds, 472 U.S. 445 (1985); *Murphy* v. *Superintendent, M.C.I., Cedar Junction*, 396 Mass. 830, 833 (1986); *Wightman* v. *Superintendent, M.C.I., Walpole*, 19 Mass. App. Ct. 442, 444 (1985); *Stokes* v. *Commissioner of Correction*, 26 Mass. App. Ct. at 586 n.2. At the time Ford's cause of action arose, the statute included a requirement that actions brought pursuant to it be commenced within two years of the proceeding being challenged. This limitations period was shortened to sixty days by St. 1986, c. 95. Assuming that the two-year statute of limitations applied to the two proceedings about which Ford stated a potentially meritorious claim, and that the limitations period was not tolled, the complaint filed in June of 1987 was untimely.

Ford contends that, because of his confinement in prison when all of the disciplinary proceedings occurred, the statute of limitations should be tolled for the entire period between the disciplinary proceeding and the bringing of the complaint. General Laws c. 260, § 7, part of the chapter dealing with general statutes of limitations, before 1987, provided: "If the person entitled thereto is . . . imprisoned when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed." In July of 1987, the month after Ford filed his complaint, G. L. c. 260, § 7, was amended by St. 1987, c. 198, to delete imprisonment as a disability for tolling purposes. Assuming the amendment does not apply to Ford's claim, G. L. c. 260, § 19, provides that "[i]f a special provision is otherwise made relative to the limitation of any action, any provision of [G. L. c. 260] inconsistent therewith shall not apply."

General Laws c. 249, § 4, which contains its own statute of limitations, is a special provision inconsistent with the provisions of G. L. c. 260, and the general tolling provision, therefore, does not apply to Ford's claim. The right to bring an action in the nature of certiorari for the failure of prison officials to adhere to Department of Correction regulations exists only by virtue of the certiorari statute, G. L. c. 249, § 4. Compare *Jomides* v. *Massachusetts Bay Transp. Authy.*, 21 Mass. App. Ct. 592, 593 (1986) and cases cited. The general tort statute of limitations, which might apply in the absence of a special statute of limitations, has provided for a three-year limitations period at all times since the rewriting of the certiorari statute in 1973. St. 1973, c. 1114, § 289. Thus, the certiorari statute provides for a special shortened statute of limitations. Contrast *Hernandez* v. *Boston*, 394 Mass. 45, 48 (1985). The legislative intent to impose a shortened period for bringing claims of this nature is further evident from the 1986 amendment to G. L. c. 249, § 4, reducing the limitations period to sixty days.

Moreover, applying the general tolling statute to such a claim would make no sense. The purpose of the certiorari procedure is to provide a remedy, where none would otherwise exist, if necessary to avoid manifest injustice. The detrimental and unjust effects of invalid prison disciplinary proceedings, imposition of isolation time or loss of good time, for examples, may be undone only while the individual remains in prison. Further, given the vast number of prison disciplinary proceedings, it is reasonable to require such claims to be brought promptly so that prison officials may respond while they still have some memory of the relevant events and may retry serious infractions if the proceedings complained of were procedurally inadequate.

At oral argument, Ford stated that between February of 1985 and March of 1987, he was confined to a Federal prison in the State of Illinois. While that situation was certainly an impediment to bringing this action, we do not think it should change the result even if the general tolling statute were applicable.

*Judgment affirmed.*

*Albert Ford*, pro se.
*Donald J. Bongiovi* for the defendant.