Fremont-Smith, J.
Plaintiff Eileen Jameson (“Eileen") has filed a loss of consortium claim against defendant Paul R. Lavoie (“Lavoie”), and his employer, defendant City of Haverhill (“Haverhill"), Counts I and II, respectively, in connection with an automobile collision between Lavoie and her husband, Louis Jameson (“Louis”). The defendants seek summary judgment on the grounds that the complaint is time-barred.
BACKGROUND
The facts are not in dispute. OnNovember 19,1991, Louis Jameson and Lavoie were involved in an automobile collision. At the time of the collision, Lavoie was employed by Haverhill and operated a city-owned vehicle . Louis was seriously injured. By letter dated November 26, 1991, and received by Haverhill on December 2, 1991, the Jamesons, through counsel, filed a formal presentment of their claim under the Massachusetts Tort Claims Act, G.L.c. 258, §4.
Eileen filed suit against the defendants on November 14, 1994, in the Haverhill District Court. On January 19, 1995, the defendants filed a Motion to Dismiss for lack of jurisdiction.[1] On February 2, 1995, after reviewing the grounds for dismissal set forth in the defendants’ motion, Eileen filed the instant action, voluntarily dismissed the District Court action, and notified defendants’ counsel of same.
DISCUSSION
I. Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ. P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Accord Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
II. Statute of Limitations
It is uncontested that the Superior Court suit was filed on February 2, 1995, more than three years after the date of the accident, and that Eileen’s claim falls within c. 258. Therefore, the defendants allege that the complaint is barred by the three-year statute of limitations set forth therein. See G.L.c. 258, §4.[2] Eileen alleges, however, that when she voluntarily dismissed the timely filed District Court action for lack of jurisdiction (see note 1, supra) and immediately refilled suit in the Superior Court, the statute of limitations was tolled pursuant to G.L.c. 260, §32, which provides:
If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form . . . the plaintiff or any person claiming under him may commence a new action for the same cause within *598 one year after the dismissal or other determination of the original action . . . (Emphasis added.)
See Loomer v. Dionne, 338 Mass. 348 (1959) (an action commenced in the wrong court is “duly commenced” and, if dismissed for that reason, has been dismissed for a “matter of form” within the meaning of G.L.c. 260, §32, so as to permit re-filing within one year).
In response, the defendants contend that §32, by its terms, applies only to claims commenced under “this chapter,” i.e. under c. 260, and since plaintiffs action was not commenced under c. 260 (but, rather, under c. 258, which contains its own statute of limitations) the §32 tolling provision is inapplicable. They distinguish Loomer on the ground that that suit arose under the statute of limitations contained in G.L.c. 260, §4, and hence was indisputably within the reach of §32.
In the first place, defendants’ contention that c. 260, §32 applies, by its terms, only to actions “commenced under c. 260,” is plainly incorrect. Section 32 is not, by its terms, applicable to actions “commenced under this chapter," but is applicable to actions “duly commenced within the time limited in this chapter” (i.e., within three years), which plaintiffs suit was.
Secondly, as Eileen points out, G.L.c. 260, §193 limits the nonapplicability of c. 260 to cases brought under special statutes containing “inconsistent” time-limitation provisions, whereas the three-year limitations period in c. 258, §4 is consistent with the three-year period of limitations in c. 260, §2A. See, e.g., Ford v. Commissioner of Correction, 27 Mass.App.Ct. 1127, 1129 (1989) (an action in the nature of certiorari, G.L.c. 249, §4, contains a sixty day statute of limitations, and is therefore a special provision inconsistent with, and supersedent to, c. 260).
Plaintiff further points out that, in a series of cases beginning wdth Hernandez v. City of Boston, 394 Mass. 45 (1985), the Supreme Judicial Court and the Appeals Court have consistently ruled that the tolling provision in G.L.c. 260, §7 for minors and incapacitated persons operates to toll the c. 258 three-year statute of limitations, and the two-year limitations period in G.L.c. 161A, §21, for claims by minors or incapacitated persons against a public body or against the MBTA. See Jomides v. Massachusetts Bay Transportation Authority, 21 Mass.App.Ct. 592 (1986), and O’Brien u. Massachusetts Bay Transportation Authority, 405 Mass. 439 (1989).
In Jomides, the Appeals Court acknowledged that c. 161A contained a shorter, and therefore apparently inconsistent statute of limitations, but noted that when the MBTA statute was first enacted, the statute of limitations generally applicable to tort claims was also two years. Thus, it could not “attribute to the Legislature an intention to adopt a shortened statute of limitations.” Id. at 596-97.
Similarly, in O’Brien v. Massachusetts Bay Transportation Authority, 405 Mass. 439 (1989), the Supreme Judicial Court reversed the lower Court’s dismissal of a suit brought by a mentally ill ward against the MBTA more than two years after the accident. The Court noted, as had the Appeals Court in Jomides, that the general statute of limitations was formerly two years, and was hence unpersuaded by the MBTA’s claim that G.L.c. 161A was “inconsistent” with G.L.c. 260, §7 and should therefore take precedence over it via G.L.c. 260, §19. The Court said:
It is clear that the inconsistency contemplated by the Legislature occurs where the length of the limitations period set forth in the special statute is different from the length of a limitations period set forth in G.L.c. 260. However, in Jomides, the Appeals Court implicitly held, and we agree, that, where the Legislature did not intend to adopt a shortened statute of limitations for the special statute, and the special statute is silent as to a tolling period, the disability tolling statute is not “inconsistent” with the terms of the special statute. 405 Mass, at 441.
While it is true that Hernandez, Jomides, and O’Brien all involved plaintiffs who, either because of young age or mental illness, were unable to pursue their personal injury claims, and that the Legislature and appellate courts have expressed particular concern for minor and mentally handicapped plaintiffs, it is also true that here, as in those cases, there is no “inconsistency” between the three-year limitations period in c. 258 and that contained in c. 260, §2A. As was stated in Loomer v. Dionne, supra, at 351:
The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.
Accordingly, the Court perceives no reason, in logic or fairness, that c. 260, §32 should not apply to toll plaintiffs action in the circumstances of this case.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Motion for Summary Judgment of defendants Paul R. Lavoie and the City of Haverhill, be DENIED.

G.Lc. 258, §3 provides: “The superior court shall have jurisdiction of all civil actions brought against a public employer.”

Defendants initially sought summary judgment based upon the period of limitations provided in the general three-year tort statute of limitations, G.L.c. 260, §2A, but have since recognized that the three-year period of limitations in c. 258 §4 is the applicable statute.

G.L.c. 260, §19 provides: “If a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply.”