Rup, J.
This action arises out of a motor vehicle accident which occurred on July 24, 1989. The plaintiff drove one vehicle; the other vehicle, an ambulance owned by the defendants City of Worcester (“the City”) and Worcester Health and Hospitals Authority (“WHHA”), was operated by the defendant Brian Major. The matter is presently before the court on a motion for summary judgment brought by the City and WHHA.
BACKGROUND
The plaintiffs claims against the City and WHHA are subject to M.G.L.c. 258, the Massachusetts Tort Claims Act (the Act). Claims brought under the Act are subject to the statutory limitations period of three years. G.L.c. 258, §4. The plaintiff originally filed his complaint in the Central District Court of Worcester on June 11, 1992. That case was dismissed (Sullivan, J.) on October 13, 1992 for lack of subject matter jurisdiction pursuant to §3 of the Act, which vests jurisdiction exclusively in the Superior Court. The *107 plaintiff filed the present action on December 28, 1992.
The defendants now move for summary judgment claiming the statutory limitations period expired before the plaintiff filed the instant complaint. The plaintiff argues that the time for bringing his action was extended for one year from the date of dismissal in the District Court pursuant to G.L.c. 260, §32, because that dismissal was for a “matter of form.”
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 1617 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, 404 Mass, at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Without question, the plaintiff did not file his complaint in this Court within the three-year limitations period required by §4 of the Act. Nonetheless, the plaintiff asserts that G.L.c. 260, §32 entitles him to a one-year extension of the limitations period. That statute states, in relevant part:
If an action duly commenced within the time limited in this chapter is dismissed . . . for any matter of form,.. . the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal . . .
Where a court dismisses a case for reasons other than adjudication on its merits, the touchstone for what constitutes dismissal for reasons of matter of form is whether, during the original statute of limitations period, the defendant had actual notice that a court action had been initiated. Liberace v. Conway, 31 Mass.App.Ct. 40, 4445 (1991), review denied, 411 Mass. 1102 (1991). Accord, Gifford v. Spehr, 358 Mass. 658 (1971); Loomer v. Dionne, 338 Mass. 348 (1959). Here, it is undisputed that the defendants had notice, through the District Court action, that the plaintiff intended to seek relief through the courts. See, Liberace, 31 Mass.App.Ct. at 44; Loomer, 338 Mass, at 35152. Where dismissal of a plaintiffs original complaint would otherwise work a defeat “by some matter not affecting the merits [of the case], some defect or informality, which he can remedy or avoid by a new process, the statute [of limitations] shall not prevent him from doing so, provided he follows [the dismissal] promptly, by a suit within a year.” Gifford, 358 Mass, at 662, quoting from Coffin v. Cottle, 16 Pick. 383 (Chief Justice Shaw discussing remedial nature of §32’s predecessor).
In the instant case, the plaintiff has brought his claims against the City and WHHA pursuant to the Act, which also provides the limitation period for lawsuits brought under it. G.L.c. 258, §4. General Laws c. 260, §32 applies to lawsuits brought “within the time limited in [Chapter 260],” and its tolling provisions “have no application to actions, such as this, not having a common law basis but authorized instead by G.L.c. 258 which contains its own limitations period.” Ciampa v. Beverly Airport Commission, 38 Mass.App.Ct. 974, 975 (1995).
Because the plaintiff failed to file his lawsuit within the Act’s limitations period, the defendants’ motion for summary judgment must be allowed.
ORDER
For the reasons stated above, it is hereby ORDERED that the defendants’ motion for summary judgment be ALLOWED.