Spurlock, J.
This case was before the court on September 12, 1997, for hearing on the above-captioned motion. Plaintiff, an inmate currently incarcerated at MCI-Cedar Junction, seeks to challenge the validity of a disciplinary hearing through an action in the nature of certiorari pursuant to G.L.c. 249, §4. In addition, plaintiff seeks injunctive relief and damages under 42 U.S.C. §1983 and the Massachusetts Declaration of Rights for violations of his civil rights.
Defendants seek to dismiss all counts of the complaint. As grounds for their motion to dismiss, defendants argue that plaintiff is barred from challenging his disciplinary hearing because he failed to bring this action within the sixty-day statutory period. Defendants also assert that plaintiffs statutory and Constitutional rights have not been infringed upon and that this case should be dismissed for failure to state a claim upon which relief may be granted. For the reasons which follow the motion to dismiss is ALLOWED.
*647 BACKGROUND
For the purposes of this motion to dismiss, the court assumes the following facts to be true and considers them in the light most favorable to the plaintiff.
On May 25, 1996, MCI-Concord correction officer James Harrison filed a disciplinary report on the plaintiff. In the report, Harrison alleged that plaintiff, while being handcuffed so that he could be taken to the hospital, threatened to kill a nurse employed at the prison. The disciplinary report charged the plaintiff with violating the following provisions of 103 C.M.R. 430.24: (1) “disobeying an order of, lying to, or insolence toward a staff member”: (8) “conduct which disrupts or interferes with the security or orderly running of the institution”: (18) “fighting with, assaulting, or threatening another person with any offense against his person or property”: and (19) “use of obscene, abusive or threatening language, action, or gesture to any inmate, staff member, or visitors.”
A hearing on the disciplinary report was held on May 30, 1996. Plaintiff alleges that he did not receive twenty-four hours advance notice of the hearing and that he was not present at the hearing. In addition, plaintiff claims that he was placed on “awaiting action” status for twenty-eight days as a result of the disciplinary report.[2] After the hearing, plaintiff was found guilty of offenses 103 CMR 430.24(1), (8), and (19). The recommended sanction was four weeks loss of visiting, phone, and canteen privileges. Plaintiff alleges that he was also given ten days in isolation.[3] Plaintiff was notified of the hearing officer’s decision and filed an appeal with Superintendent William Coalter on June 5, 1996. Plaintiffs appeal was denied on June 11, 1996. The present action was filed on April 4, 1997.
DISCUSSION
A.12(b)(6) Standard
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Faireny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “(T]he complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979); Charbonier v. Amico, 367 Mass. 146, 152 (1975).
B.Plaintiffs Action in the Nature of Certiorari
A prisoner seeking relief for alleged improprieties in a disciplinary hearing is restricted to a civil action in the nature of certiorari, pursuant to G.L.c. 249, §4. Averett v. Commissioner of Correction, 25 Mass.App.Ct. 280, 287, rev’d on other grounds, 404 Mass. 28 (1989); Ford v. Commissioner of Correction, 27 Mass.App.Ct. 1127, 1128 (1989). According to c. 249, §4, as amended by St. 1986, c. 95, “such action shall be commenced within sixty days next after the proceeding complained of.” Where the prisoner has appealed the disciplinary board’s decision, the sixfy-day period starts running once the prisoner has notice that his administrative appeals have all been denied. McClellan v. Commissioner of Correction, 29 Mass.App.Ct. 933, 934 (1990).
In the instant case, plaintiff received notice on June 11, 1996, that his appeal to the Superintendent was denied. However, plaintiff did not file a complaint in this court until April 4, 1997. Accordingly, plaintiffs action in the nature of certiorari is time barred.
C.Plaintiffs 42 U.S.C. §1983 Claims
Plaintiff alleges that .defendants deprived him of his procedural due process rights when he was disciplined for threatening to kill a prison nurse while he was a pretrial detainee. In order for plaintiff to succeed on such a claim, he must be able to show that he was deprived of a liberty or property interest that is protected by the Due Process Clause, and that such denial was effected under color of State law. Wolff v. McDonnell, 418 U.S. 539 (1974); Martino v. Hogan, 37 Mass.App.Ct. 710, 714 (1994). Plaintiff contends that the State, through its regulations governing disciplinary proceedings of state prisoners, 103 Code Mass. Regs. §430.00, created a liberty interest by mandating procedures that are “due.” The reasoning of plaintiffs argument is foreclosed by Sandin v. Conner, 115 S.Ct. 2293 (1995), as clarified by Dominique v. Weld, 73 F.3d 1156, 1160-61 (1st Cir. 1996), and Hastings v. Commissioner of Correction, 424 Mass. 46, 50-52 (1997)
In the Sandin case, the United States Supreme Court retreated from its former doctrine under which courts examined the language in state statutes and regulations to determine whether a liberty interest was created. The Court held that States may still create liberty interests that afford prisoners Federal due process protections, however “these interests will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.” Sandin at 2300. Applying this standard to the situation in Sandin, the Court concluded that disciplining a prisoner for thirty days in segregated confinement did not present the type of atypical deprivation in which a state might create a liberty interest. Id. at 2301. In Hastings, the Supreme Judicial Court applied the holding of the Sandin decision to two inmates serving life sentences who were transferred to higher security institutions pursuant to a reclassification order. The court found that the transfers did not constitute “atypical hardship,” and, consequently, no Federal or state right of due process had been violated. Id. at 52.
*648 In the instant case, plaintiff claims that he was placed in isolation for ten days,[4] and lost his canteen, phone and visiting privileges for four weeks after he was found guilty of violating several prison regulations. Given the nature of the violations with which plaintiff was charged, the sanctions he received seem “within the range of confinement to be normally expected.” Id. at 2302. Furthermore, the court finds that plaintiffs temporary loss of privileges did not present “the type of atypical and significant deprivation in which a state might conceivably create a liberty interest.” Id. at 2301.
Plaintiff also avers that his case merits special consideration since he was a pretrial detainee at the time of his disciplinary hearing. According to plaintiffs argument, the presumption of innocence grants him the right to be free from conditions of confinement that are not justified by compelling necessity. However, in Bell v. Wolfish, 99 S.Ct 1861, 1871 (1979), the Supreme Court held that the presumption of innocence “has no application to a determination of the rights of pretrial detainees during confinement before his trial has even begun.” Additionally, it was held that “effective management of the detention facility is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such conditions and restrictions are intended as punishment.” Id. at 1875.[5]
Accordingly, plaintiffs §1983 claims must be dismissed since he cannot show that as a result of his disciplinary proceeding he was deprived of a protected liberty interest or that he was impermissibly punished in violation of the Due Process Clause.[6]
D. Plaintiffs Claim of Denial of Access to the Courts
In his complaint, plaintiff alleges in vague terms that he was denied his Constitutional right of access to the courts. In order to succeed on such a claim, plaintiff must demonstrate an actual injury resulting from deficiencies in the prison’s law library or legal assistance program. Lewis v. Casey, 116 S.Ct 2174, 2180-81 (1996).
In the instant case, plaintiff has failed to put forth any evidence that he has suffered an actual injury as a result of his lack of access to the law library for six months. Specifically, plaintiff has not alleged that his inability to use the library resulted in the dismissal of a complaint, that any of his pleadings were stricken as untimely, or that he was unable to file a new complaint. In the absence of any evidence that plaintiff suffered an actual injury, his claim that he was denied access to the courts must be dismissed.[7]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to dismiss is ALLOWED

 Plaintiff s allegations are contradicted by the Department of Correction’s documentation of plaintiffs disciplinary report and hearing. According to the Department’s records: (1) plaintiff was not placed on “awaiting action” status as a result of correction officer Harrison’s report; (2) plaintiff received twenty-four hours advance notice of the disciplinary hearing; and (3) plaintiff was present at the hearing.

 According to the Department of Correction’s records, plaintiff was not placed in isolation after being found guilty of violating the above-mentioned regulations.

 For purposes of this motion to dismiss, the court draws all inferences in the plaintiffs favor and assumes his allegation to be true.

 See also G.L.c. 127, §33, which provides:
The superintendents of all institutions under the jurisdiction of the department of correction and the superintendents and keepers of jails and houses of correction shall cause all necessary means to be used to maintain order in the institutions under their supervision, enforce obedience, suppress insurrection and prevent escapes . . .

 Notwithstanding the fact that plaintiffs civil rights claims lack merit, they must also be dismissed in part because defendants, in their official capacities, are immune from liability for damages. See Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); O’Malley v. Sheriff of Worcester County, 415 Mass. 132, 140-42 (1993) (monetary damages against State officials are available only if they are sued in their individual or personal capacities for actions under color of State law). In addition, plaintiffs request for injunctive relief in this action is not appropriate.

 Plaintiff also suggests that his due process rights were violated when he was placed on awaiting-action status for twenty-eight days. This claim is without merit. See Smith v. Massachusetts Dept. of Correction, 936 F.2d 1390, 1396 (1st Cir. 1991); 103 C.M.R. §430.21 (1).