Winslow, J.
Hallisey, a lawyer, sued Forman, another lawyer, as well as For-man’s client, Bearse, for contract damages which Hallisey claimed he suffered while serving as lead trial counsel with Forman in an eminent domain action in Superior Court. Hallisey seeks to be compensated for the value of his legal services and for one-half the cost of an expert witness who testified in favor of both Hallisey’s client and Bearse. Forman and Bearse contest any agreement or obligation to pay fees and expenses to Hallisey. Hallisey filed his contract action in the Orleans District Court more than six years after the cause of action accrued. The District Court justice entered summary judgment in favor of Forman and Bearse because the statute of limitations for contract actions had expired. Hallisey asserted that his contract claim is subject to the saving clause of G.L.c. 260, §34 and thus timely. We affirm.
The defendant Bearse was the sole owner of lot 8 and the owner of a 2/9 interest in lots 2 and 7 on Morton Road in Chatham. The town of Chatham took these lots in the exercise of its power of eminent domain. Dissatisfied with the pro tanto offer, Bearse timely commenced an action in 1987 in Superior Court for compensation against the town of Chatham. Eldridge, who claimed no interest in lot 8 but a separate 2/9 interest in lots 2 and 7, was granted leave to intervene in the eminent domain proceedings. Defendant Forman appeared as counsel of record for Bearse and plaintiff Hallisey appeared as counsel of record for Eldridge. At the jury trial, Hallisey acted as lead counsel for both Bearse and Eldridge with Forman as co-counsel. The same appraiser testified as an expert witness on the question of the value of all three lots, with the knowledge and consent of all clients and counsel. The jury trial resulted in a favorable judgment for both Bearse and Eldridge: an increase of 243% over the amount the town had been willing to pay, with Bearse receiving the larger dollar amount commensurate with his greater property holdings. Hallisey claims that Forman and Bearse agreed to pay half of the expert expenses and half of his legal fee for trying the case. Forman and Bearse dispute this claim.
Judgment in the Superior Court was entered on October 19,1992. On September 23, 1998, Hallisey filed a petition in the Superior Court action seeking attorneys fees and expenses to be paid from the proceeds recovered “in this matter commensurate with the benefit that land owners have recovered” because “all owners of the subject land have benefited [sic] from this action, and, therefore, are obligated to share in the payment of fees and costs under the ‘common fund’ *312 or ‘common benefit’ doctrine.” On February 1, 1999, the Superior Court justice, who also had presided over the trial, denied the petition for fees and expenses, noting that
according to the judgment in this action, dated October 19, 1992, the Court, in its discretion, did not award the plaintiff costs. Plaintiffs counsel did not petition the Court for costs and fees at the time of the judgment. ... This is not a case for the application of the common fund doctrine. The appraiser ... may or may not have been retained by the plaintiff Bearse to testify in this case. In any event his claim for the balance of his fee is against the named plaintiffs and not the remaining 5/9 unclaimed interest. It is the opinion of this Court that Counsel’s petition for costs and fees is neither timely nor appropriate under the circumstances of this case (Emphasis supplied).
Within one year after the Superior Court’s denial of the petition for fees and expenses, but more than six years after any possible contract cause of action accrued,[2] Hallisey filed suit against Forman and Bearse in the District Court to recover his legal fees and expert witness expenses. Hallisey contends that G.L.c. 260, §32 saves the contract action from the bar of the Statute of Limitations.
The general tolling statute, G.L.c. 260, §32, as amended by St. 1973, c. 1114, §340, provides, in pertinent part: “If an action duly commenced within the time limited in this chapter is dismissed ... for any matter of form ... the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other determination of (he original action....” ‘The word ‘action’ not infrequently is used in a comprehensive sense to mean the pursuit of a right in court without regard to the form of procedure. Boston v. Turner, 201 Mass. 190, 196 [1909]; Pigeon’s Case, 216 Mass. 51, 56 [1913].” Ginzberg v. Wyman, 272 Mass. 499, 501 (1930). Hallisey’s petition for fees in the Superior Court thus constituted an “action” within the reach of the statute. “As early as 1835, a precursor of what now appears as G.L.c. 260, §32, was described as a remedial statute to be given a liberal construction which will carry out the intent of the Legislature, an intent favorable to a plaintiff. Coffin v. Cottle, 16 Pick. 383, 385-386 (1835). Later cases gave voice to similar disposition not to clip the wings of the statute through narrow interpretation, so long as the plaintiff had given the defendant timely notice of recourse to a court. See Woods v. Houghton, 1 Gray 580, 583 (1854); Allen v. Sawtelle, 7 Gray 165, 165-166 (1856); Duff v. Zonis, 327 Mass. 347, 350-353 (1951); Loomer v. Dionne, 338 Mass. 348, 351-352 (1959). See also Gaines v. New York, 215 N.Y. 533, 539-540 (1915).” Liberace v. Conway, 31 Mass. App. Ct. 40, 42 (1991), review denied, 411 Mass. 1102 (1991). “Failure to provide a defendant with any notice within the applicable limitations period that a claim is being made against him in court has been regarded, for these purposes, as a matter of substance rather than form. See Gifford v. Spehr, 358 Mass. 658, 663-664 (1971). Compare Loomer v. Dionne, 338 Mass. 348, 351-352 (1959).” Krasnow v. Allen, 29 Mass. App. Ct. 562, 566 (1990).
Here, Hallisey first sought relief in the 1987 Superior Court action where the town of Chatham was the named defendant and in which the 5/9 unclaimed interest in the judgment was distinct from Bearse’s interest. Forman had no personal stake as a party in the underlying litigation. Even a broad reading of G.L.c. 260, §32 would not support any notice to Forman that the Superior Court petition was *313 tantamount to a claim against him personally. Moreover, even if the petition did constitute notice of a claim against Forman or Bearse, the trial judge in Superior Court noted that “the Court, in its discretion, did not award the plaintiff costs” at the time of the original judgment and, as a matter of discretion, chose not to award costs or fees at the time of his decision because to do so would not be “appropriate under the circumstances of this case.” By ruling on the merits as well as the timeliness of Hallisey’s petition, the Superior Court denied the petition as a matter of substance and not merely as a matter of form. Thus, G.L.c. 260, §32 is inapposite in the circumstances of this matter.
The action for contract damages against Forman and Bearse in the District Court was time-barred and the motion to dismiss, treated as a motion for summary judgment, properly was allowed. Accordingly, the judgment is affirmed.
So ordered.

 G.L.c. 260, §2 provides in pertinent part that “[a]ctions of contract... shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues.”