DANIEL COFFIN *versus* DAVID COTTLE.

</div>

The plaintiff sued the defendant as administrator, on a simple contract debt due from the intestate, recovered judgment, and took out execution, on which the officer returned *nulla bona*. The plaintiff then sued out a *scire facias* against the defendant, suggesting waste, and while the *scire facias* was pending, the letter of administration was adjudged to be void, and a new letter of administration was granted to the defendant. A plea *puis darrein continuance*, alleging the invalidity of the plaintiff's judgment by reason of the nullity of the first letter of administration, was supported as a bar to the *scire facias*, and within a year after this decision, but more than six years after the debt accrued, the plaintiff brought a new action against the defendant. It was *held*, that this action was maintainable, within a proper construction of the proviso in the statute of limitations, viz. that if a judgment for the plaintiff be reversed by reason of error, or be given against him for matter alleged in arrest of judgment after a verdict in his favor, he may within a year commence a new action.

THIS was an action of *debt* against the defendant as administrator of Nathaniel Russell   The defendant pleaded *nil*

*debet,* with leave to give special matter in evidence. The statute of limitations was relied on as a defence under this reserved right.

The case was tried before *Wilde* J.

It appeared that letters of administration were granted to the defendant in 1821, by the judge of probate for the county of Nantucket. The plaintiff brought an action against the defendant, within the time limited by law, to recover a debt due to him from the intestate in 1817, on simple contract, obtained judgment, and took out an execution, on which the sheriff returned *nulla bona.* The plaintiff then sued out a writ of *scire facias,* suggesting waste, to which the defendant pleaded ; and before judgment, the defendant's letter of administration was, in a course of judicial proceeding, declared void, on the ground of want of jurisdiction in the judge of probate of Nantucket, he being interested in the estate of the intestate. A new letter of administration was granted to the defendant, in March 1829, by the judge of probate for the county of Barnstable, pursuant to *St.* 1817, *c.* 190, § 5. A plea *puis darrein continuance* was filed in the suit of *scire facias,* alleging the invalidity of the judgment on which the *scire facias* was brought, by reason of the nullity of the first letter of administration. At the March term 1831, of this Court, this plea was adjudged to be a good bar to the *scire facias,* and thus in effect the judgment formerly rendered in favor of the plaintiff was decided to be void. The present suit was commenced in September 1831, being within a year from the time when that decision was made. The declaration contained the money counts, and a special count upon the judgment before recovered by the plaintiff. At the trial, that judgment was offered in evidence by the plaintiff as proof of his claim, but it was objected to, and the judge allowed the objection. The plaintiff then gave in evidence the proceedings above referred to, and likewise the evidence of his original demand against the intestate. Under the direction of the judge, the jury found a verdict for the plaintiff ; and the defendant moved for a new trial, on the ground that the plaintiff's claim was barred by the statute of limitations

The case was submitted without argument.

*Rand, K. Whitman* and *Fiske,* for the plaintiff.

*Isaac Coffin,* for the defendant.

SHAW C. J. delivered the opinion of the Court. This action is debt ; which form was no doubt adopted, to enable the plaintiff to give in evidence the former judgment, or the demand on which it was founded, as the one or the other should be determined to be admissible, and both were offered in evidence. The judge at nisi prius determined that the former judgment was vacated and so was not admissible, and it followed as a necessary legal consequence, that the original demand was not merged, and it was given in evidence, and the plaintiff had a verdict.

It is very obvious, that this action, commenced in 1831 upon a simple contract debt, contracted in 1817, would be barred by the statute of limitations, were there no exception ; but the Court are all of opinion, that it is within the saving clause of the proviso. *St.* 1786, *c.* 52, § 1. This proviso is, that if upon any of the said actions, judgment be given for the plaintiff, and the same be reversed by reason of error, or a verdict pass for the plaintiff, and for matter alleged in arrest of judgment the judgment be given against the plaintiff, in all such cases, the plaintiff may commence a new action within a year after such judgment reversed, or judgment given against the plaintiff.*

This is a remedial statute, both in its enacting and qualifying clauses, and should have such construction, as will best carry into effect the intent of the legislature. *Middleton* v. *Forbes,* Willes, 259, note. This statute is founded on the presumption, that if a creditor has permitted his debt to remain a certain length of time without any attempt to enforce it, or to revive and perpetuate the evidence of it, it is paid, or otherwise discharged. This general presumption arising out of the nature of the fact itself, for the convenience of having a certain and practical rule, is limited to a certain fixed time, and after such term, made a positive bar, by force of the statute. But this presumption does not arise, if the creditor resorts to legal diligence to recover his debt within the time limited ; and

---

* See Revised Stat. *c.* 120, § 11.

Coffin
v.
Cottle.

the proviso in the statute follows this obvious consideration, and declares that where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute shall not prevent him from doing so, provided he follows it promptly, by a suit within a year.

Now although in the present case, the former judgment was not reversed on a writ of error technically, or on arrest of judgment, yet it was so in effect by being declared null and void, in a course of judicial proceeding, between the same parties, which effectually prevented the plaintiff from having any benefit from his former judgment. It is a case, where a judgment for a plaintiff is not technically, but in effect, reversed by reason of error, being declared judicially erroneous, and as such void and held for nought.

It may test the correctness of this view to suggest, that if the effect of the plea to the *scire facias* was not to reverse and annul the former judgment, there being no other judgment or judicial decision affecting it, it is not reversed at all, it is still in force, and being a specialty not affected by the six years' limitation, is good evidence to support this action, and ought to have been received. But it seems plain, that if the plaintiff could not avail himself of his judgment to maintain his *scire facias*, he cannot avail himself of it to support his action of debt.

*Judgment on the verdict.*