FRANK J. DUFF *vs.* LEONARD ZONIS & others.

Middlesex. February 7, 1951. — May 7, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, & WILLIAMS, JJ.

*Limitations, Statute of. Practice, Civil,* Commencement of action, Parties. *Words,* "Unavoidable accident."

An action for personal injuries resulting from the operation of a motor vehicle might be found to have been "duly commenced within" the period of limitation under G. L. (Ter. Ed.) c. 260, § 32, where it appeared that a writ was prepared two days before the expiration of the period and sent to a deputy sheriff for service, that an attempt to serve it was made on the last day of the period, that the defendant described in the writ was a purported but in fact nonexistent corporation with a name which was the same as that appearing in the registration of the vehicle and which actually was the business name of partners owning the vehicle, and that the action was intended to be brought against whoever was responsible for the operation of the vehicle under that name; the writ was not a nullity because of the nonexistence of the purported corporation.

The writ in an action for personal injuries resulting from the operation of a motor vehicle might be found to have failed "of a sufficient service or return by reason of an unavoidable accident" within G. L. (Ter. Ed.) c. 260, § 32, where it appeared that the plaintiff consulted his attorney about his claim at a time when the expiration of the period

---

of limitation was imminent and when the usual means of checking information concerning the ownership of the vehicle were not available to the attorney; that the attorney, believing reasonably that a business name copied from the registration certificate of the vehicle by the plaintiff at the time of the accident was that of a corporation as the owner, described the defendant in the writ as a corporation of that name and sent the writ to a deputy sheriff for service; and that the writ failed of service because there was no such corporation and the attorney did not discover that fact and the fact that the vehicle was owned by partners doing business under such name until he received the writ back from the deputy sheriff too late for service the required time before the return day.

TORT. Writ in the Superior Court dated June 26, 1947.

The action was tried before *Smith*, J.

*W. H. McLaughlin*, for the plaintiff.

*P. J. Dolan*, for the defendants.

QUA, C.J. This action is brought against Leonard Zonis, Shelden Baker, and David Zonis "doing business under the firm name and style of Zonis Manufacturing Company." The action is in tort for personal injuries sustained by the plaintiff by reason of a collision between a motor vehicle owned by him and a motor truck owned by the defendants and operated by their agent or servant. The defence is the statute of limitations. After a verdict for the plaintiff in the amount of $4,350, received under leave reserved, the trial judge entered a verdict for the defendants and reported his action in so doing to this court, judgment to be entered for the defendants if his action was correct, or for the plaintiff in the amount of the verdict, if his action was erroneous.

General Laws (Ter. Ed.) c. 260, § 4, as most recently amended by St. 1943, c. 409, § 4, provides in part that ". . . actions of tort for bodily injuries . . . the payment of judgments in which is required to be secured by chapter ninety . . . shall be commenced only within one year next after the cause of action accrues." This action is one the payment of a judgment in which is required to be secured by c. 90. The collision occurred, and the cause of action accrued, on May 31, 1946. The writ in this action is dated June 26, 1947. It is apparent that, if § 4 governs, this action was not brought within the required time.

Duff *v.* Zonis.

But the plaintiff relies upon c. 260, § 32. That section, in so far as might be pertinent to this case, reads, "If, in an action duly commenced within the time limited in this chapter, the writ fails of a sufficient service or return by reason of an unavoidable accident or of a default or neglect of the officer to whom it is committed, or if the writ is abated or if the action is otherwise avoided or defeated by the death of a party thereto or for any matter of form . . . the plaintiff . . . may commence a new action for the same cause within one year after the abatement or other determination of the original action . . .."

Facts which the jury could have found and upon which the plaintiff relies to bring the present action within the provisions of § 32 were in substance these: On May 29, 1947, within the year following the collision, at about four forty-five or five o'clock in the afternoon, the plaintiff consulted an attorney about the accident and gave him the name "Zonis Manufacturing Company" as the name of the owner of the truck which had struck the plaintiff's vehicle. The plaintiff had copied this name from the "registration" which the operator of the truck had exhibited to him. On that day, the 29th, which was Thursday, because of the lateness of the hour, the attorney "did not have an opportunity to check the registration" of the defendants' truck. The following day, Friday, May 30, would be a holiday, and on Saturday, the 31st, the State House would still be closed. The attorney, knowing that the action had to be brought by the 31st, and "having no means of checking," "accepted the name of Zonis Manufacturing Company," and on the 29th had a writ prepared, dated that day, in which "Zonis Manufacturing Company" was named as defendant. We refer to this writ as the former writ to distinguish it from the writ in the action now before us. Upon this former writ was indorsed a memorandum to the officer to serve it on "the defendant" at an address in Cambridge. It was sent to the deputy sheriff's office with instructions "to make every effort" to serve it on the 31st. The return of the deputy sheriff shows that on May 31 he attached a chip as the property of "the

within-named defendant corporation, Zonis Manufacturing Company," and that on June 23 he made diligent search and was unable to find within his precinct its president, treasurer, clerk, cashier, secretary, agent, or other officer in charge of its business and therefore had been unable to make service of the writ upon it. This former writ was received back by the attorney on June 24 or 25. Thereafter, too late to make service the required time before the return day, the attorney discovered that there was no corporation named Zonis Manufacturing Company. The writ was never entered. At the time of the collision Zonis Manufacturing Company was a partnership consisting of the three persons named as defendants in the present writ. Its truck which was in the collision was registered in the partnership name. See *Dunn* v. *Merrill*, 309 Mass. 174, 177. When the attorney sent the former writ to the deputy sheriff he intended to bring the action against the person responsible for the accident, and from the information he had he believed that person to be a corporation named Zonis Manufacturing Company.

Before § 32 could be applied in favor of the plaintiff it was necessary for him to show that the former action had been "duly commenced within the time limited in this chapter." An action may be "duly commenced," even though the writ is subject to abatement. *Woods* v. *Houghton,* 1 Gray, 580, 581–583. The former writ was made out two days before the expiration of the year, and an attempt was made to serve it on the last day. What was done was done in time. But the defendants contend that the former writ was a nullity because there was no such corporation as Zonis Manufacturing Company, and so the former action was no action at all and could not have been "duly commenced." We are unable to agree. The jury could find that the plaintiff and his attorney intended to bring the former action against the person or persons, natural or artificial, by whatever form of organization they might be associated together, who were responsible for the operation of the truck and who were designated in the "registration" exhibited by the operator of the truck to the plaintiff as

Zonis Manufacturing Company. This was in truth the partnership name of the three present defendants who owned the truck and were responsible for its operation. The former action was not a nullity. It was in reality against the present defendants, although not in their separate individual names. The former writ could have been amended by substituting for "Zonis Manufacturing Company" the individual names of the three present defendants. In *Robinson* v. *Trustees of New York, New Haven & Hartford Railroad,* 318 Mass. 121, an action to recover for damage to goods shipped was brought by "Hammon Development Company," named as shipper in the bill of lading. The writ described "Hammon Development Company" as "a corporation duly organized and existing according to law . . . ." After it appeared at a hearing before an auditor that "Hammon Development Company" was not a corporation, and after the time for bringing suit permitted by the terms of the bill of lading had expired, the trial court allowed an amendment to the writ substituting as plaintiffs the names of two individuals who were doing business as "Hammon Development Company." This court said, 318 Mass. at page 124, "Although there was no corporation as described in the writ, the proceeding was not on that ground a nullity for the two plaintiffs from the beginning owned the claims that they were attempting to enforce under their trade name which, in the absence of fraud, they had the right to assume in transacting their business . . . and the amendment in the instant case did no more than furnish a more accurate description of those who always had owned the cause of action since it came into existence." We perceive no difference in principle between that case and the case now before us. The fact that in that case the "corporation" appeared in the writ as plaintiff and in the case now before us as defendant is not such a difference. A case closely in point is *Manistee Mill Co.* v. *Hobdy,* 165 Ala. 411. See further *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346, 352–353; *American Mutual Liability Ins. Co.* v. *Condon,* 280 Mass. 517, 522–523; *Boudreau* v. *New*

*England Transportation Co.* 315 Mass. 423, 426–427. Cases in other jurisdictions are in conflict, many of them depending upon statutes and theories in relation to amendments which are less liberal than those prevailing in this Commonwealth. See 8 A. L. R. (2d) 166, 171. The case before us is distinguishable from such cases as *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277, *Bateman* v. *Wood*, 297 Mass. 483, and *Chandler* v. *Dunlop*, 311 Mass. 1, where the person named as plaintiff or defendant was dead when the action was brought. Compare *Lewis* v. *Austin*, 144 Mass. 383.

We are further of opinion that the jury could find that the former writ failed "of a sufficient service or return by reason of an unavoidable accident." It seems plain that a finding would be warranted that the former writ was not served upon the true defendants because it was believed with good reason that "Zonis Manufacturing Company" was the name of a corporation. Section 32 is remedial legislation to be construed liberally to carry out the purpose of the Legislature. *Jordan* v. *County Commissioners of Bristol*, 268 Mass. 329, 331, and cases cited. In *Bullock* v. *Dean*, 12 Met. 15, 17, it was said that the term "unavoidable accident" must have a reasonable construction "and does not mean to limit the case to a cause which no possible diligence could guard against, but an unforeseen cause, preventing the service of the writ, where due diligence has been used, by the creditor, to commence his suit seasonably, by the due and ordinary course of law." We think that within this interpretation of the statute the jury warrantably could find that the combination of unforeseen and unfortunate circumstances here present, including the facts that the "registration" of the defendants' truck shown to the plaintiff was in a name appropriate for the name of a corporation and gave no indication of the names of any individual owners, and that because of the holiday, followed by a Saturday, the writ had to be made out before the ordinary means of checking became available, constituted an "unavoidable accident," and that the plaintiff

and his attorney were not negligent in relying upon appearances. *Bullock* v. *Dean*, 12 Met. 15. *Tracy* v. *Grand Trunk Railway*, 76 Vt. 313, 320–325. Of course the plaintiff need not have waited to consult his attorney until two days before the expiration of the year. But the law gave him a full year, and we cannot say as matter of law that he was negligent in allowing two days for commencing the action. Ordinarily that would be sufficient time.

In accordance with the terms of the report the entry must be

*Judgment for the plaintiff*
*in the sum of $4,350.*