NATALIE ROSE LIBERACE & another[1] *vs.* CHARLES
CONWAY.

No. 89-P-1109.

Middlesex. February 8, 1991. - July 9, 1991.

Present: KASS, PORADA, & LAURENCE, JJ.

*Limitations, Statute of. Practice, Civil,* Pendent claim, Parties, Dismissal.

General Laws c. 260, § 32, a "renewal statute" providing that if an action
    fails "for any matter of form" the plaintiff may commence a new action
    for the same cause within one year, is applicable to pendent claims dis-
    missed in a Federal court. [42-43]
A tort claim against an individual, dismissed in a Federal District Court,
    was properly brought in the Superior Court six months later, and after
    the period of limitation had meanwhile expired, under the renewal stat-
    ute, G. L. c. 260, § 32, where the defendant had actual notice that the
    Federal court action had been initiated against him within the original
    limitations period. [44-45]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 8, 1988.

The case was heard by *Robert J. Hallisey*, J., on a motion
for summary judgment.

*Richard J. Glynn* for the plaintiffs.
*Thomas M. Harvey* for the defendant.

KASS. J. Having suffered dismissal of her tort action in
Federal court, the plaintiff Natalie Rose Liberace filed a new
action based on the same facts in Superior Court.[2] By the
time she did so, the period of limitations established by
G. L. c. 260, § 2A, had expired. Nevertheless, Liberace
claims a right to maintain her action under G. L. c. 260,

---

[1]Alphonse Liberace.

[2]Her husband joined in the State action, claiming loss of consortium. He
had originally been a party in the Federal action, but he and the loss of
consortium counts were dropped in an amended complaint.

§ 32. That statute, as amended by St. 1973, c. 1114, § 340, provides that, if an action fails "for any matter of form," the plaintiff "may commence a new action for the same cause within one year after the . . . determination of the original action." A judge of the Superior Court decided that the action in the Federal court had been dismissed on substantive grounds and granted summary judgment to the defendant Conway. The plaintiff appealed.

*Background facts.* Liberace's complaint in the United States District Court was brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. (1982). She alleged that she had broken her wrist and hip in a fall on May 10, 1984, when struck by the wheel of a bicycle being pushed by Conway, an employee of the United States Environmental Protection Agency ("EPA"), to a rack in the lobby of the John F. Kennedy Federal office building in Boston. The complaint, which designated the EPA and Conway as defendants, first misfired because under the Federal Tort Claims Act the proper defendant is the United States, rather than one of its agencies. See *Allgeier* v. *United States,* 909 F.2d 869, 871 (6th Cir. 1990); *Murray* v. *United States Postal Serv.,* 550 F. Supp. 1211, 1212 (D. Mass. 1982). Cf. *Stewart* v. *United States Postal Serv.,* 649 F. Supp. 1531, 1534-1535 (S.D.N.Y. 1986). Thereupon, Liberace amended her complaint, naming the United States as the primary defendant (Conway continued to be a codefendant) and, as observed in note 2, *supra,* omitting the loss of consortium counts originally brought by Natalie Liberace's husband, Alphonse. That amended complaint was filed July 9, 1987.

Unhappily for Liberace, this was beyond the time limit (the deadline was March 15, 1987)[3] for claims under the Federal Tort Claims Act, and the complaint could not "relate back" under Fed.R.Civ.P. 15(c) because, so the United States District Court judge found, it was not a case where

---

[3]Liberace had first filed an administrative claim with the EPA, which was denied on September 15, 1986. Under 28 U.S.C. § 2401(b) (1982), she had six months from that date in which to bring an action against the United States.

the United States "(1) ha[d] received such notice of the institution of the action . . ., and (2) knew or should have known that, but for a mistake concerning the identity of the proper party," an action would have been brought against it. Fed.R.Civ.P. 15(c). Accordingly, the Federal action was dismissed on the authority of *Schiavone* v. *Fortune*, 477 U.S. 21, 29-32 (1986). The judge declined to hold pendent jurisdiction over the common law claim against Conway. An order of dismissal entered on October 21, 1987. Within six months of the dismissal in the United States District Court, Liberace filed a complaint against Conway only in Superior Court, now once again including her husband as a coplaintiff.

1. *Applicability of G. L. c. 260, § 32, to cases which originate in a Federal court.* There is a threshold question whether G. L. c. 260, § 32, applies at all to cases which originate and end in a Federal court. Decision about the point was reserved in *Granahan* v. *Commonwealth*, 19 Mass. App. Ct. 617, 619-620 & n.6 (1985), and *Krasnow* v. *Allen*, 29 Mass. App. Ct. 562, 565 n.5 (1990).

As early as 1835, a precursor of what now appears as G. L. c. 260, § 32, was described as a remedial statute to be given a liberal construction which will carry out the intent of the Legislature, an intent favorable to a plaintiff. *Coffin* v. *Cottle*, 16 Pick. 383, 385-386 (1835). Later cases gave voice to similar disposition not to clip the wings of the statute through narrow interpretation, so long as the plaintiff had given the defendant timely notice of recourse to a court. See *Woods* v. *Houghton*, 1 Gray 580, 583 (1854); *Allen* v. *Sawtelle*, 7 Gray 165, 165-166 (1856); *Duff* v. *Zonis*, 327 Mass. 347, 350-353 (1951); *Loomer* v. *Dionne*, 338 Mass. 348, 351-352 (1959). See also *Gaines* v. *New York*, 215 N.Y. 533, 539-540 (1915).

Nothing in the language of G. L. c. 260, § 32, which begins, "If an action duly commenced within the time limited in this chapter . . . ," suggests that the statute applies only to cases which have originated in Massachusetts State courts. Contrast *Henson* v. *Columbus Bank & Trust Co.*, 144 Ga. App. 80, 84 (1977), construing a Georgia renewal statute

similar in purpose to § 32 but limiting its application to cases that originated in that State's courts.

Federal courts, in considering whether to dismiss pendent claims based on State law, have generally been reluctant so to do if the consequence were that the pendent claim would be barred in the State court by operation of a statute of limitations. See, e.g., *Quality Foods de Centro America, S.A.* v. *Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 999-1000 (11th Cir. 1983); *Brewer* v. *El Cerrito*, 666 F. Supp. 1346, 1351 (N.D. Cal. 1987) (dismissal in Federal court conditioned on defendant submitting to State jurisdiction and waiving statute of limitations); *Trundy* v. *Strumsky*, 729 F. Supp. 178, 186 (D. Mass. 1990)(assuming, but without certainty, that § 32 would apply), vacated in part on other grounds, 915 F.2d 1557 (1st Cir. 1990). The basis of those decisions is that the discretion reposing in a Federal judge not to adjudicate the State claim should be exercised in the interest of justice and in a fashion that will not prejudice the parties. See American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts § 1313(c), at 29 and comments at 213 (1969); Bator, Meltzer, Mishkin, & Shapiro, Hart & Wechsler's The Federal Courts and the Federal System 1048 (3d ed. 1988). It would surely be anomalous to adopt a construction of § 32 which deprived pendent claims of the statute's benefit and thereby pressed on the Federal courts retention of jurisdiction over those claims.

The only other State of which we are aware that has considered the question has applied a renewal statute of the § 32 genre to pendent claims dismissed in the Federal court together with dismissal of the Federal question. See *Burford* v. *Sun Oil Co.*, 186 S.W.2d 306, 310-311 (Tex. Civ. App. 1944); *Vale* v. *Ryan*, 809 S.W.2d 324 (Tex. Civ. App. 1991). Cf. *Madarash* v. *Long Island R.R.*, 654 F. Supp. 51, 54 (E.D.N.Y. 1987)(construing New York statute similar to § 32.)

We hold that G. L. c. 260, § 32, is applicable to pendent claims dismissed in a Federal court.

2. *Whether the dismissal was a "matter of form."* In one of the earlier cases dealing with the renewal statute, *Allen* v. *Sawtelle*, 7 Gray at 165-166, the court attempted to describe "mere matter of form" as that which "did not concern the substance of the question in controversy," i.e., the merits. Examination of the relatively modern cases under the renewal statute discloses a different analysis. In *Duff* v. *Zonis*, 327 Mass. at 350-353, it was held matter of form to address a writ to Zonis Manufacturing Company rather than to the three individuals who did business under that name. In *Loomer* v. *Dionne*, 338 Mass. at 349, the writ (civil actions were then commenced by service of a writ) was mistakenly entered in Superior Court, rather than District Court. This was a matter of form because the defendant well knew that resort had been made to the courts against him. *Id.* at 351-352. By contrast, dismissal of an eminent domain action brought against the Commonwealth, which had made no taking, was held to be more than matter of form. *Jordan* v. *County Commrs. of Bristol*, 268 Mass. 329, 332-333 (1929). The persons who had made the taking, the county commissioners of Bristol County, had not, during the limitations period, been made aware of court proceedings against them arising out of the taking. Similarly, in *Gifford* v. *Spehr*, 358 Mass. 658, 663 (1971), the plaintiff had never sent registered mail notice, as required by statute, to the defendant, a resident of another State, of the commencement of a motor vehicle tort action. When the statute of limitations expired, the defendant was unaware of a resort to the courts against her; that failure and the resulting dismissal of the action which had been filed were not just matters of form. *Id.* at 663-664.

What emerges from those decisions as a touchstone for what constitutes dismissal for reasons of matter of form is whether, within the original statute of limitations period[4], the defendant had actual notice that a court action had been initiated. See *Harris* v. *United States Liab. Ins. Co.*, 746 F.2d 152, 154 (2d Cir. 1984) (construing similar New York

---

[4]This case, a tort action, was subject to a three-year limitations period from the date the action accrued. G. L. c. 260, § 2A.

statute). Of course this presupposes dismissal on a ground other than an adjudication of the merits. As to a case adjudicated on the merits, principles of res judicata apply and the renewal statute, G. L. c. 260, § 32, has no pertinence.

In the case before us, Conway was aware at the time of the filing of the complaint in Federal court that the plaintiff was resorting to the courts to pursue a claim against him. Although the basis of dismissal in the Federal court may have been that the wrong Federal defendant was named, and to that extent resembles the *Jordan* v. *County Commrs. of Bristol*, *supra*, category of cases, the dismissal as to Conway was technical. Conway was not the wrong defendant in the Federal court, nor was there a want of jurisdiction over him. Rather, the dismissal flowed from an exercise of discretion not to retain the pendent claim. This was an essentially technical disposition, and Liberace was entitled to renew her claim against Conway with a new action filed within one year of the dismissal of the Federal action. Her complaint in Superior Court was wrongly dismissed. We do not, of course, intimate any view on the underlying merits.

The judgment of dismissal concerning the claim of Natalie Rose Liberace is vacated and that claim is remanded for further proceedings. The dismissal of the claim of Alphonse Liberace, encompassed in count 2 of the complaint, shall stand. There was no pendent claim by Alphonse Liberace in the Federal court; it had been dropped from the amended complaint. As to the claim of Alphonse, the statute of limitations has unqualifiedly run.

*So ordered.*