[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 97-1273

SAMUEL JONES,

Plaintiff, Appellant,

v.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND CHRISTOPHER
J. BLACH,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy J. Gertner, U.S. District Judge] 



Before

Selya, Circuit Judge, 
Aldrich, Senior Circuit Judge, 
and Boudin, Circuit Judge. 



Samuel Jones on brief pro se. 
Merita A. Hopkins and Dawna McIntyre on brief for appellees. 



November 6, 1997


Per Curiam. Samuel Jones appeals from the district 

court's dismissal of his action asserting federal and state

claims against the Massachusetts Bay Transportation Authority

(the "MBTA") and Christopher Blach, an employee of the City

of Boston. We affirm.

First, given Jones's settlement agreement with the MBTA

which resolved all of his claims against the MBTA, the

district court properly dismissed the action against the

MBTA. See C. Wright, A. Miller & E. Cooper, 13A Federal 

Practice and Procedure 3533.2, at 233 (2d ed. 1984) 

(settlement moots a case).1 Second, the grant of summary 1

judgment against Jones on his federal claim against Blach was

also proper. Counsel for Jones expressly informed the

district court that he did not intend to oppose summary

judgment on that claim, and Blach's summary judgment motion

correctly explained why the allegations in the complaint

failed to state a claim for relief. On appeal, Jones has not

explained why, under those circumstances, it was error to

grant summary judgment for Blach. Third, the district court

did not abuse its discretion by declining to exercise

supplemental jurisdiction over the state claims against Blach

once the court had dismissed the federal claims. Counsel for

Jones essentially asked the court to dismiss the claims and

 

1In view of our finding, there is no need to determine 1
whether the MBTA was a party on appeal.

-2-

made no argument in support of exercising jurisdiction over

those claims. Under state law, Jones could have refiled the

state claims in state court. See M.G.L. c. 260, 32 (claims 

dismissed for "any matter of form" may be refiled in state

court for one year after their dismissal); Duca v. Martins, 

941 F. Supp. 1281, 1295 n.14 (D. Mass. 1996) (dismissing

state law claim without prejudice after dismissing the

plaintiff's federal claim because M.G.L. c. 260, 32 gave

the plaintiff one year in which to refile his claim in state

court) (citing Liberace v. Conway, 31 Mass. App. Ct. 40, 43, 

574 N.E.2d 1010, 1012, review denied, 411 Mass. 1102 (1991)). 

On appeal, Jones suggests that the claims may "now" be time

barred in state court, but that fact has no bearing on the

propriety of the court's earlier decision not to exercise

supplemental jurisdiction over the state claims. Finally,

Jones has not explained why his malicious prosecution claim

could properly have been brought under 1983. See Roche et 

ux. Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 

256 (1st Cir. 1996) ("garden-variety" malicious prosecution

claims cannot be brought under 1983). In addition, his

counsel represented to the district court that the malicious

prosecution claim was a state law claim, and, as such, the

court properly declined to exercise supplemental jurisdiction

over it.

Affirmed. 

-3-