USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1273 SAMUEL JONES, Plaintiff, Appellant, v. MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND CHRISTOPHER J. BLACH, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Samuel Jones on brief pro se. ____________ Merita A. Hopkins and Dawna McIntyre on brief for appellees. _________________ ______________ ____________________ November 6, 1997 ____________________ Per Curiam. Samuel Jones appeals from the district ___________ court's dismissal of his action asserting federal and state claims against the Massachusetts Bay Transportation Authority (the "MBTA") and Christopher Blach, an employee of the City of Boston. We affirm. First, given Jones's settlement agreement with the MBTA which resolved all of his claims against the MBTA, the district court properly dismissed the action against the MBTA. See C. Wright, A. Miller & E. Cooper, 13A Federal ___ _______ Practice and Procedure 3533.2, at 233 (2d ed. 1984) _______________________ (settlement moots a case).1 Second, the grant of summary 1 judgment against Jones on his federal claim against Blach was also proper. Counsel for Jones expressly informed the district court that he did not intend to oppose summary judgment on that claim, and Blach's summary judgment motion correctly explained why the allegations in the complaint failed to state a claim for relief. On appeal, Jones has not explained why, under those circumstances, it was error to grant summary judgment for Blach. Third, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the state claims against Blach once the court had dismissed the federal claims. Counsel for Jones essentially asked the court to dismiss the claims and  ____________________ 1In view of our finding, there is no need to determine 1 whether the MBTA was a party on appeal. -2- made no argument in support of exercising jurisdiction over those claims. Under state law, Jones could have refiled the state claims in state court. See M.G.L. c. 260, 32 (claims ___ dismissed for "any matter of form" may be refiled in state court for one year after their dismissal); Duca v. Martins, ____ _______ 941 F. Supp. 1281, 1295 n.14 (D. Mass. 1996) (dismissing state law claim without prejudice after dismissing the plaintiff's federal claim because M.G.L. c. 260, 32 gave the plaintiff one year in which to refile his claim in state court) (citing Liberace v. Conway, 31 Mass. App. Ct. 40, 43, ________ ______ 574 N.E.2d 1010, 1012, review denied, 411 Mass. 1102 (1991)). _____________ On appeal, Jones suggests that the claims may "now" be time barred in state court, but that fact has no bearing on the propriety of the court's earlier decision not to exercise supplemental jurisdiction over the state claims. Finally, Jones has not explained why his malicious prosecution claim could properly have been brought under 1983. See Roche et ___ ________ ux. Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, _________ ________________________________ 256 (1st Cir. 1996) ("garden-variety" malicious prosecution claims cannot be brought under 1983). In addition, his counsel represented to the district court that the malicious prosecution claim was a state law claim, and, as such, the court properly declined to exercise supplemental jurisdiction over it. Affirmed. _________ -3-