[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-1117

GERALD JONES,

Plaintiff, Appellant,

v.

RAYMOND BINETTE, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya and Lynch, Circuit Judges.

---

Gerald Jones on brief pro se.
David M. Moore, City Solicitor, and Elizabeth M. Sanning,
Assistant City Solicitor, on brief for appellees.

---

September 26, 2001

---

**Per Curiam**.  We affirm the judgment substantially for the reasons set forth in the district court's December 6, 2000 order of dismissal, adding only the following comments.  In an effort to avoid the statute-of-limitations bar, plaintiff for the first time on appeal invokes Mass. Gen. Laws ch. 260, § 32.  That provision permits the refiling, within one year, of a duly commenced action that was dismissed "for any matter of form."  It is a remedial measure "declar[ing] that where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute [of limitations] shall not prevent him from doing so."  Coffin v. Cottle, 33 Mass. (16 Pick.) 383, 386 (1835) (describing predecessor statute).

We find this statute inapplicable here for at least three reasons.  First, the district court dismissed plaintiff's initial action in part because he had filed no opposition to defendants' motions to dismiss.  That is not a "matter of form."  See, e.g., Cumming v. Jacobs, 130 Mass. 419, 421 (1881) (holding that dismissal for failure to prosecute did not so qualify, and noting that predecessor statute "was not intended to encourage default or negligence

-2-

in the prosecution or conduct of a suit"); <u>King</u> v. <u>Bradlees, Inc.</u>, 1991 WL 204342, at *2 (Mass. App. Div. 1991) (concluding that dismissal because of counsel's failure to appear at pretrial conference was not matter of form); <u>see also</u> <u>Loomer</u> v. <u>Dionne</u>, 338 Mass. 348, 352 (1959) (noting, in course of finding statute applicable, that there was "no default or other neglect in the prosecution ... as in <u>Cumming</u>").

Second, the dismissal in the first action was also based in part on plaintiff's failure to state a claim. That was an adjudication on the merits, as to which "principles of res judicata apply and [ch. 260, § 32] ... has no pertinence." <u>Liberace</u> v. <u>Conway</u>, 31 Mass. App. Ct. 40, 45 (1991).[1]

Finally, plaintiff's second suit was not filed "within one year after the dismissal" of his first suit, as the statute requires. We need not decide whether, in a case where an appeal has been pursued, that period ordinarily begins to run at the time the lower court acts or at the

---

[1] There is no suggestion that the district court declined to exercise supplemental jurisdiction over any pendant state law claims--a type of dismissal that is deemed a "matter of form." <u>See</u>, <u>e.g.</u>, <u>Liberace</u>, 31 Mass. App. Ct. at 42-45. Plaintiff's first complaint did not purport to contain any such claims. And the court's dismissal, in any event, was with prejudice across the board.

time the appellate court does so.  Here, plaintiff filed no timely notice of appeal in his first suit and no timely motion to extend the time for appeal.  The one-year period thus commenced, at the latest, on the date the appeal period expired and the judgment became final--well over one year before his second action was filed.

Affirmed.  See Loc. R. 27(c).