ALFRED L. BOUTIETTE, individually and as trustee,[1] vs. LANCE L. DICKINSON.

No. 00-P-335.

Worcester. April 4, 2002. - May 23, 2002.

Present: JACOBS, DREBEN, & GREEN, JJ.

*Statute,* Construction. *Limitations, Statute of.*

This court vacated a judgment of the Superior Court dismissing, on the basis of the three-year tort statute of limitations, a complaint alleging various tort claims, in circumstances in which prior Municipal Court and District Court dismissals on the underlying claims for want of jurisdiction were for matters of "form," thus entitling the plaintiff to employ the resuscitative powers of G. L. c. 260, § 32, to commence a new action within one year of each successive dismissal. [818-819]

CIVIL ACTION commenced in the Superior Court Department on January 14, 1999.

A motion to dismiss was heard by *James P. Donohue,* J.

*Robert Osol* for the plaintiff.

*Scott S. Sinrich* for the defendant.

GREEN, J. The plaintiff obtained a default judgment in Texas on various tort claims,[2] then (less than three years after the causes accrued) sought enforcement of the Texas judgment by complaint in the Boston Municipal Court. The Municipal Court dismissed the action, concluding the Texas court lacked personal jurisdiction over the defendant. Within a year after the Municipal Court dismissal but more than three years after the causes accrued, the plaintiff filed a complaint in the Worcester District Court seeking recovery on the underlying claims. The

---

[1]Of Cambridge Trust and Healthcheck Trust.

[2]The plaintiff's complaint alleged fraud, breach of fiduciary duty, and negligence arising from the plaintiff's investment in a limited partnership formed by the defendant for the purpose of selling medical testing kits.

District Court dismissed the action on subject matter jurisdiction grounds (concluding that the complaint sought equitable relief unavailable in that court). Within a year after the District Court dismissal, but over a year after the Municipal Court dismissal, the plaintiff filed a complaint in the Superior Court, which was dismissed on the basis of the three-year tort statute of limitations, G. L. c. 260, § 2A.[3] The plaintiff appealed.

For reasons not apparent from its memorandum of decision, the Superior Court did not address the plaintiff's principal argument in opposition to the defendant's motion to dismiss: that the Municipal Court and District Court dismissals were for matters of "form" and that, therefore, the plaintiff was entitled to commence a new action within one year of each successive dismissal. See G. L. c. 260, § 32. That statute provides that "[i]f an action duly commenced within the time limited in this chapter is dismissed . . . for any matter of form . . . the plaintiff . . . may commence a new action for the same cause within one year after the dismissal . . . of the original action."

It is settled that a dismissal for want of jurisdiction is for a "matter of form" within the meaning of the statute. See *Ciampa* v. *Beverly Airport Commn.*, 38 Mass. App. Ct. 974, 974 (1995). The defendant nonetheless argues that a plaintiff may employ the resuscitative powers of the statute only once. For support, the defendant points to the statute's reference to dismissal of the "original" action.

We see no reason to assign so narrow a construction to the statute. The provisions of G. L. c. 260, § 32, are to be construed liberally, in the interest of determining the parties' rights on the merits. See *Loomer* v. *Dionne*, 338 Mass. 348, 350-351 (1959); *Liberace* v. *Conway*, 31 Mass. App. Ct. 40, 42 (1991). We construe the word "original" within the operation of the statute to refer to the dismissed action standing as the predicate for the timely filing of a new complaint within one year after the dismissal. Nothing in the language or purpose of the statute compels a conclusion that it may be employed only once.

---

[3] The Superior Court complaint included a count for breach of contract, which the motion judge treated as indistinguishable from a claim for breach of fiduciary duty and therefore as subject to the statute of limitations for actions in tort. Our disposition of the case renders immaterial the question of whether the judge's ruling was correct in that respect.

Similarly, we are not persuaded by the defendant's attempt to portray the Municipal Court action as different in kind from the District Court action, on the ground that the former sought only enforcement of the Texas judgment while the latter asserted the plaintiff's underlying claims. Both actions sought enforcement of the plaintiff's rights in respect of the same causes of action, and the plaintiff had no reason prior to the dismissal of the Municipal Court action to assert the underlying claims in the Massachusetts courts.

The defendant timely was placed on notice of the plaintiff's claims against him, and of the plaintiff's resort to the courts. See *Loomer* v. *Dionne, supra* at 351-352. There is no indication in the record that the plaintiff attempted for dilatory purposes to prolong the limitations period by reliance on the statute. *Boyajian* v. *Hart*, 312 Mass. 264 (1942), cited by the defendant to illustrate the possibility of prejudice, involved a series of actions pursued through protracted proceedings to final judgment and is on that basis distinguishable; in any event it did not involve the operation of the statute here at issue.

The Superior Court judgment of dismissal is vacated.

*So ordered.*