JOHN D. HALLISEY *vs.* FREDERICK H. BEARSE & another.[1] No. 01-P-232. March 25, 2004. *Limitations, Statute of. Practice, Civil,* Service of process, Dismissal. *Contract,* Damages. *Notice,* Timeliness.

The plaintiff, an attorney, appeals from a decision of the Appellate Division, affirming a District Court judgment dismissing his action for contract damages against the defendants as time-barred and not saved by the provisions of G. L. c. 260, § 32. The plaintiff filed that action after a Superior Court judge dismissed his petition, filed in 1998, seeking payment of fees and expenses from an amount awarded in a Superior Court judgment entered in 1992 in an eminent domain case involving land in Chatham. The Superior Court judge denied the petition on February 1, 1999. The plaintiff then filed a complaint in the District Court on January 31, 2000, within the one year contemplated in c. 260, § 32, but well beyond the six-year limitation in contract actions. See G. L. c. 260, § 2. He sought fees and expenses from the defendants for his services during the eminent domain trial.[2] In a summary judgment proceeding, the District Court judge dismissed the action as untimely. After review, the Appellate Division affirmed the judgment of the District Court, concluding the plaintiff's action was not saved by c. 260, § 32, from the running of the statute of limitations. We affirm.

The petition filed by the plaintiff in the Superior Court sought fees and expenses under the common fund doctrine. In his decision denying the petition, the Superior Court judge, who also presided over the eminent domain trial, stated that costs were not awarded in the 1992 judgment, and that the plaintiff did not petition for costs and fees at that time. He concluded that the common fund doctrine was not applicable in that case because the plaintiff's petition sought payment from funds which the 1992 Superior Court judgment ordered held for any future claims by owners of interests remaining after awards were made to Bearse and Eldridge.

---

[1]Jerome J. Forman.

[2]In that trial, Forman, an attorney, represented Bearse, and the plaintiff represented another land owner, Dana W. Eldridge. The resulting judgment, entered on October 19, 1992, was more favorable than the pro tanto offer initially made by Chatham.

General Laws c. 260, § 32, provides that a new action for the same cause may be commenced within one year after the dismissal of an action "for any matter of form."[3] "[A] touchstone for what constitutes dismissal for reasons of matter of form is whether, within the original statute of limitations period, the defendant had actual notice that a court action had been initiated." *Liberace* v. *Conway*, 31 Mass. App. Ct. 40, 44 (1991). The plaintiff argues that the defendants received notice of his claim because they were served with copies of his petition. Nevertheless, the petition was captioned in the same manner as the eminent domain case, i.e., Frederick H. Bearse and Dana W. Eldridge vs. Town of Chatham, and the body of the petition does not state any claim against Bearse or Forman. The Appellate Division also noted that the plaintiff sought payment from that part of the judgment being held for owners of interests "distinct from Bearse's interest," and that "Forman had no personal stake as a party in the underlying litigation."

Accordingly, the Appellate Division properly could conclude that the plaintiff's petition did not constitute notice to the defendants that a claim was being made against them. A plaintiff must give a defendant "timely notice of recourse to a court." *Id.* at 42. "Failure to provide a defendant with any notice within the applicable limitations period that a claim is being made against him in court has been regarded, for these purposes, as a matter of substance rather than form." *Krasnow* v. *Allen*, 29 Mass. App. Ct. 562, 566 (1990). See *Gifford* v. *Spehr*, 358 Mass. 658, 662-663 (1971). Compare *Boutiette* v. *Dickinson*, 54 Mass. App. Ct. 817, 819 (2002).

The Appellate Division correctly concluded that the plaintiff's petition was dismissed as a matter of substance and not of form, and that c. 260, § 32, could not be applied to save his contract action from the applicable statute of limitations.

*Decision of the Appellate Division affirmed.*

The case was submitted on briefs.

*Jerome J. Forman* for the defendants.

*John D. Hallisey,* pro se.


---

[3]General Laws c. 260, § 32, as amended through St. 1973, c. 1114, § 340, provides, in pertinent part: "If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process . . . or for any matter of form . . . the plaintiff . . . may commence a new action for the same cause within one year after the dismissal or other determination of the original action . . . ."

