**Christina CHAO, Plaintiff,**

**v.**

**Moises BALISTA, et al., Defendants.**

**C.A. No. 07cv10934–NG.**

United States District Court,
D. Massachusetts.

Aug. 20, 2009.

Andrew J. Brodie, III, Andrew M. Fischer, Jason & Fischer, Boston, MA, George L. Garfinkle, Attorney at Law, Brookline, MA, for Plaintiffs.

Thomas J. Butters, Matthew D. Thompson, Butters, Brazilian & Small LLP, Stephen G. Dietrick, MA Department of Correction, Boston, MA, Benjamin B. Weisbuch, Law Office of Benjamin Weisbuch, Newton, MA, for Defendants.

### *MEMORANDUM AND ORDER RE: STATUTE OF LIMITATIONS*

GERTNER, District Judge.

## I. *INTRODUCTION*

In its July 1, 2009 Memorandum and Order, 630 F.Supp.2d 170 (D.Mass.2009),

the Court indicated that it required supplemental affidavits from the Defendants, who are Massachusetts Department of Correction officials and employees, in order to resolve the statute of limitations applicable to Plaintiff Chao's claims for sexual abuse she experienced in prison. Those affidavits, which address the timing of the Defendants' actual notice of Chao's original lawsuit,[1] have now been filed. In each, using virtually identical language, the Defendants aver that they had no knowledge of this lawsuit prior to being served with the complaint in March or April 2007–despite the fact that the Massachusetts Attorney General's office accepted service in September 2006 and defense counsel made a limited appearance on their behalf in February 2007.

As the Court previously observed, because the sexual encounters allegedly continued until at least May *2004,* even if the date of "actual notice" controlled the limitations period, as Defendants argue, Chao's suit would survive. *See id.* at 176–77. Indeed, evidence of the earlier sexual encounters, even if they were not themselves actionable, would also be admissible as bearing on the relationship between Plaintiff and her abuser and as evidence under Rule 403, 404 or 415, Fed. R. Evid.

Nevertheless, the Court will address the statute of limitations issue because it could have an impact on any future trial. The Court does not read the savings statute, Mass. Gen. L. ch. 260, § 32, as pinning the timeliness of this suit on the date that the Defendants learned of the original action, and whether that information was obtained during the limitations period, as Defendants have argued. The "actual notice" standard is not written into the savings statute itself and, even more, is not consistent with the rules and practices that generally govern the filing of lawsuits in Massachusetts. Generally speaking, it is the date of *filing* that determines whether a suit is timely—even if the defendant does not receive actual notice (i.e., service of process) until after the statute of limitations has lapsed. *See* Mass. R. Civ. P. 4(j) (allowing 90 days from the date of filing to serve complaint and summons). It would make little sense if the savings statute—which was intended to provide relief for technical errors in the initial filing—rested on a rule more strict than the usual case.

By its express terms, the savings statute simply extends the time for re-filing the original lawsuit by one year from the date of its dismissal. Chao re-filed her action 23 days after it was dismissed by Judge Wolf on April 23, 2007, for insufficient service of process. The only issue—which is what the court-imposed "actual notice" requirement seems to be protecting—is the possibility of prejudice to the Defendants. Since it is now undisputed that the Defendants received actual notice of Chao's original suit in early 2007, just before and just after the Court's dismissal, it is difficult to envision any claim of prejudice here. Thus, any timely claims presented in the original action—i.e., those arising on or after August 3, 2003—are preserved.

## II. DISCUSSION

The Court has already determined that, by its terms, the Massachusetts savings statute applies to this action and that Chao's suit survives in some form. *See* July 1, 2009 Mem. and Order, 630 F.Supp.2d at 174–77. The remaining question is how *much* of the Plaintiff's original action the savings statute preserves.

The Defendants argue that the savings statute requires "actual notice" to defen-

---

**1.** *Chao v. Ballista et al.,* Case No. 06–cv–11351 (filed August 3, 2006).

dants during the original limitations period. As such, Chao should be barred from recovering on any events that precede the date of actual notice by three years. *See* Mass. Gen. L. ch. 260, § 2A (providing three-year statute of limitations for tort actions). Chao's complaint alleges that her sexual encounters with Defendant Ballista began in June 2003, lasting until September 2004.[2] Third Am. Compl. ¶ 7. The Defendants, however, have stated that they did not receive actual notice of the suit until March or April 2007. See Dennehy Aff. (document # 56) (declaring date of actual notice March 12, 2007); Tortora Aff. (document # 57) (April 26, 2007); Azzato Aff. (document # 58) (April 26, 2007); Ryan Aff. (document # 59) (April 26, 2007). Thus, their rule would prevent Chao from proceeding on claims arising from injuries suffered before March 2004, even though her original suit was timely with respect to events as far back as August 3, 2003.

In support, the Defendants rely on several state court decisions holding that "a touchstone for what constitutes dismissal for reasons of matter of form is whether, within the original statute of limitations period, the defendant had actual notice that a court action had been initiated." *Liberace v. Conway*, 31 Mass.App.Ct. 40, 42, 574 N.E.2d 1010 (1991); *Hallisey v. Bearse*, 60 Mass.App.Ct. 916, 916, 805 N.E.2d 515 (2004). Significantly, this is a court-made standard, at odds with the language of the savings statute itself, its express purpose to preserve timely-filed suits, and with the "actual notice" requirements applied in other pleading situations. Moreover, the cases cited simply did not involve a record like the one presented here—where the original action was commenced well within the limitations period, yet notice was allegedly provided after that window had closed on some claims. Instead, in the case where reference to "notice" first appeared, *Liberace*, 31 Mass. App.Ct. 40, 574 N.E.2d 1010, the remark appears to have been little more than dicta; the defendant there had received notice of the case during the original filing in federal court. The original federal action ended when the only federal defendant was dismissed and the Court refused pendent jurisdiction over the remaining claims. The action was re-filed in state court against the state defendant who had been part of the case from its inception. The Court had no reason to consider the effect of the notice requirement.

■ Adhering to the rule would produce a number of illogical outcomes, as described below, and appears to be inconsistent with the longstanding practice of Massachusetts courts in these circumstances. *See, e.g., Bullock v. Dean*, 12 Met. (53 Mass.) 15 (1846) (Permitting second suit where writ was returned noninhabitant, even though the defendant had received no notice of the original suit); *Woods v. Houghton*, 1 Gray (67 Mass.) 580 (1854).

On its face, the savings statute, Mass. Gen. L. ch. 260, § 32, does not require actual notice at all:

> *If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form, or if, after judgment for the plaintiff, the judgment*

2. The Defendants have previously objected to this allegation, pointing out that earlier statements by the Plaintiff indicated that the encounters ceased as early as May 2004. The application of the savings statute to part or all of the events at issue moots this factual dispute for the time-being.

of any court is vacated or reversed, *the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal* or other determination of the original action, or after the reversal of the judgment; and if the cause of action by law survives the executor or administrator or the heir or devisee of the plaintiff may commence such new action within said year.

*Id.* (emphasis added). The very examples cited in the statute contemplate scenarios where the defendant would not have received actual notice during the original limitations period. *Id.* (discussing dismissals "for insufficient service of process by reason of an unavoidable accident or ... neglect of the officer to whom such process is committed"). Even more, a rule requiring actual notice within the limitations period would exclude from the savings statute any suit that was "duly commenced" on or before the last day of the limitations period but served on the defendant after that date. *Id.* In short, it would exclude a substantial subset of actions that were timely when first filed and that also satisfy the plain language of the savings statute.

Not only would this strict requirement of actual notice run against the text, it would defeat the statute's long-recognized "remedial" purpose, which favors resolution on the merits where a suit has been timely filed. *See Boutiette v. Dickinson*, 54 Mass.App.Ct. 817, 818, 768 N.E.2d 562 (2002) ("The provisions of G.L. c. 260, § 32, are to be construed liberally, in the interest of determining the parties' rights on the merits."); *Coffin v. Cottle*, 16 Pick. (33 Mass.) 383, 385–86 (1835) (describing § 32's predecessor, Stat. 1786, ch. 52, § 1, as a "remedial statute" to be given liberal construction where "the plaintiff has been defeated by some matter not affecting the merits"); *Loomer v. Dionne*, 338 Mass. 348, 352, 155 N.E.2d 411 (1959) (suggest-

ing that only a case of "gross negligence" will preclude a plaintiff from taking advantage of ch. 260, § 32).

Massachusetts courts have historically applied the statute in precisely this way, relying on the savings statute without any requirement, evidence, or discussion of actual notice. *See Duff v. Zonis*, 327 Mass. 347, 99 N.E.2d 47 (1951) (applying savings statute where defendants had no actual notice); *Bullock v. Dean*, 12 Met. (53 Mass.) 15 (1846) (same); *Woods v. Houghton*, 1 Gray (67 Mass.) 580 (1854) (same); *Allen, Admr. v. Sawtelle*, 7 Gray (73 Mass.) 165 (1856) (applying savings statute without discussion of any notice requirement). While lack of notice may be prejudicial to a defendant in some cases, defeating the savings statute, a court should balance these cross-purposes rather than imposing a blanket limitation that nowhere appears in the statute itself.

Even more broadly, the Defendants' rule suffers from a further defect: It would diverge markedly from the general principles that govern Massachusetts statutes of limitations. Under these rules, it is the date of *filing* that determines whether a suit is timely—not when service was subsequently made or actual notice occurred. *See, e.g.,* Mass. Gen. L. ch. 260, § 2A ("[A]ctions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be *commenced* only within three years next after the cause of action accrues."). Defendants regularly receive actual notice of a lawsuit after the limitations period has expired, without voiding the suit. Indeed, even if an action has been filed on the last day of the limitations period, a plaintiff has 90 days to serve his complaint on the defendant. *See* Mass. R. Civ. P. 4(j). The Massachusetts Rules of Civil Procedure plainly contem-

plate precisely a scenario where actual notice lags behind the limitations period.[3]

As such, the Defendant's view, if applied, would produce a series of inconsistencies and illogical outcomes. Only those suits where actual notice occurred within the limitations period could be saved by Mass. Gen. L. c. 260, § 32. By contrast, the subset of actions which were timely *filed* but served after the expiration of the statute of limitations would be excluded entirely; whatever the technical defect, they could not be saved. That distinction has no recognizable foothold in state law, and makes little sense here.[4] It would create an artificial division among timely filed cases, exempting some from the remedial statute altogether, despite the statute's language.

Moreover, this rule would produce internal incoherence in cases like this. Where a continuous series of identical injuries has been alleged, as here, the practical result of this rule would be to deem one portion of those injuries dismissed as a matter of "substance" while the other half dismissed simply "as a matter of form"—based on nothing more than the date on which actual notice occurred.

██ Rather than adopt such a rule, the Court will follow the savings statute as it is written, looking to the date of actual notice only to ascertain any actual prejudice to the Defendants. As the text of the statute makes clear, so long as the original suit was timely filed, it is the date of dismissal, not the date of *actual* notice, that controls the limitations period. The statute operates to *extend* the limitations period one year from the date that a timely filed suit is dismissed. *See* Mass. Gen. L. ch. 260, § 32 ("[T]he plaintiff ... may commence a new action for the same cause within one year after the dismissal"). Chao's original suit was commenced on August 3, 2006, well within the statute of limitations. The action was dismissed for insufficient service of process on April 23, 2007. *See* Judgment (Case No. 06–cv–11351, document # 17). The savings statute therefore operated to extend all timely claims brought in the first action until April 23, 2008. In fact, Chao's suit was re-filed on May 16, 2007, only 23 days after dismissal, preserving each of her earlier, timely-filed claims.

Moreover, it is undisputed that the Defendants received actual notice of Chao's original suit in March and April 2007, and that the very state agency which would defend them received notice some months earlier. The Massachusetts Attorney General's office accepted service in September 2006 and defense counsel made a limited appearance on behalf of these very Defendants in February 2007. It is difficult to comprehend any claim that actual prejudice resulted from the delayed notice and,

---

**3.** Rule 15(c)(1)(C) Fed. R. Civ. Pro., which deals with when amendments adding parties (who have not yet been served with the complaint) relate back to the original action, provides a standard not unlike the one urged here. An amendment adding a party relates back if "within the period provided ... for serving the summons and complaint," the party to be added received "such notice that it will not be prejudiced," and "knew or should have known that the action would not have been brought against it, but for a mistake concerning the proper party's identity."

**4.** Consider an action filed on the last day of the limitations period, but not served until some two weeks later, at which point the defendant received actual notice. Assuming the suit were later dismissed "for any matter of form," by its terms the savings statute would still apply, providing the plaintiff one year from the date of dismissal to re-file her earlier claims. Mass. Gen. L. ch. 260, § 32.

in fact, Defendants make no such assertion.

## III.  CONCLUSION

Under these circumstances, the savings statute extends the time for re-filing the original lawsuit by one year from the date of its dismissal.  Because Chao re-filed her action 23 days after it was dismissed by Judge Wolf for insufficient service of process, any timely claims presented in the original action—i.e., those arising on or after August 3, 2003—are preserved.

**SO ORDERED.**