McIntyre, Frances A., J.
Reconsideration of The Denial of Summary Judgment: (Paper 43)
Defendant submits no new law or facts but simply re-argues his position.
Earlier, the court accepted the plaintiffs arguments and denied the motion. The court finds itself restating below the plaintiff s argument.
The 2006 case was originally tried before another judge of this court. Judgment under 93A entered for the plaintiff [20 Mass. L. Rptr. 439]. On appeal, the Appeals Court concluded that “Lingis’s G.L.c. 93A claim fails because there is no evidence that she complied with G.L.c. 93A, §9(3). The judgment is vacated, and the case is remanded to the Superior Court for entry of a judgment dismissing the plaintiff s complaint.” Lingis v. Waisbren, 75 Mass.App.Ct. 464, 471 (2009).
Plaintiff refiled her 93A count within one year of the dismissal, relying on the so-called savings statute, G.L.c. 260, §32.
If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a parly or for any matter of form, or if after judgment for the plaintiff, the judgment of any court is vacated or reversed, the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other determination of the original action, or after the reversal of the judgment; and if the cause of action by law survives the executor or administrator or the heir or devisee of the plaintiff may commence such new action within said year.
Plaintiff relies on the Appeals Court’s consideration of the act in Liberace. “That statute, as amended by St. 1973, c. 1114, §340, provides that, if an action fails ‘for any matter of form,’ the plaintiff ‘may commence a new action for the same cause within one year after the ... determination of the original action.’ ” Liberace v. Conway, 31 Mass.App.Ct. 40, 41 (1991). The Appeals Court discussed matters of form in its decision and distinguished adjudications “on the merits.” Id. at 45.
Liberace did not speak to the second part of the statute; the case had been dismissed in the Federal Court before trial on a matter of form. Liberace does not address the circumstance of the plaintiffs judgment which was vacated and dismissed, as set forth in the second part of the statute.
Plaintiff manifests confusion about what is meant by “second part”; it is italicized above. The statute is framed in the disjunctive; the second part is set off from the first part (matters of form) by the language, “or if.” Thus, it creates an entirely separate set of additional conditions which permit a case to be refiled.
Plaintiff won a judgment for $337,110.72 in this court. That judgment was vacated and the case dismissed. The language in G.L.c. 260, §32 matches the circumstances which create the right to re-commence the lawsuit with the action of the Appeals Court in vacating Lingis’s earlier judgment.
This judge is at a loss to make it any clearer. Absent caselaw holding that this language does not mean exactly what it says, the court may not avoid this statutory mandate.
The arguments of res judicata, claims preclusion, and collateral estoppel are not persuasive. Res judi-cata, or claim preclusion, will foreclose a party from re-litigating if three elements are met: (1) the identify or privity of the parties to the present and prior actions; (2) identify of the cause of action; and (3) prior final judgment on the merits. Charlette v. Charlette Bros. Foundry, 59 Mass.App.Ct. 34, 44 (2003) (citing Gloucester Marine Railways Corp. v. Charles Parisi, *106 Inc., 36 Mass.App.Ct. 386 at 390 (1994)). Here, of course, the final judgment plaintiff achieved was vacated and the case dismissed. No final judgment has entered for the defendant.
The DENIAL of the motion stands.
Reconsideration of the Denial of the Motion to Dismiss (Paper 44)
The court earlier failed to specifically address the Rule 12(b)(6) claim of the defendant.
Defendant argues that plaintiff did not indicate that she had made written demand under Section 9 of 93A. Plaintiff states in paragraph 12 of her complaint: “The Defendant has failed to make a reasonable settlement offer in response to Plaintiff’s demand for such under s.9 of Chapter 93A.” (Italics supplied.)
At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). On reconsideration, the court has examined the complaint. The italicized language used by plaintiff references her demand letter that she claims met the requirements of Section 9 of 93A. She has satisfied the demand letter pre-requisite to suit. Slaney v. Westwood Auto, Inc., 366 Mass. 704 (1975). Thus, a claim is stated in plaintiffs refiling. The DENIAL stands.
Motion for Report of Decision on Summary Judgment (Paper 45)
Litigation under G.L.c. 260, §32 is not exceptionally novel nor frequent enough to justify interlocutory treatment. Transamerica Ins. Group v. Turner Const Co., 33 Mass.App.Ct. 446, 447 n.2.
As noted above, the language in the statute is taken to mean exactly what it says; there is little more to interpret. It is unlikely any discovery remains to be done; the case has been thoroughly litigated. A Rule 56 motion will resolve whether the purported demand letter meets the requirements of Section 9, which appears to have been the open issue for the Appeals Court. That may conclude the matter.
In short, an interlocutory appeal is unlikely to assist the parties or the court in resolving this dispute. Therefore, the request is DENIED.